UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SARAH J. HUNTER, *et al.*,

      Plaintiffs,

  v.                                    Civil Action 2:19-cv-411
                                        Chief Judge Algenon L. Marbley
                                        Magistrate Judge Chelsey M. Vascura

BOOZ ALLEN HAMILTON, INC., *et al.*,

      Defendants.

## OPINION AND ORDER

This putative class action arises out of Plaintiffs Sarah J. Hunter and David N. Yountz's allegations that Defendants Booz Allen Hamilton Incorporated ("BAH"), CACI International Incorporated, CACI Technologies LLC, and CACI Technologies Incorporated (collectively, "CACI"), and Mission Essential Personnel, LLC ("ME") violated the Sherman Act, 15 U.S.C. § 1, by entering into and enforcing agreements to refrain from recruiting one another's employees at a certain jobsite in Molesworth, England. This matter came before the Court for a telephonic discovery conference on February 26, 2021. All parties were represented by counsel. This Order memorializes the results of that conference and provides additional authority for the undersigned's ruling made during the conference. For the following reasons, Plaintiffs' request to compel supplemental document production by Defendants is **DENIED**.

                              **I.**      **BACKGROUND**

Plaintiffs served requests for production of documents on Defendants on May 8, 2019. Of relevance to the present dispute, Request for Production No. 6 sought compensation and other

employee data for all of Defendants' employees, and Request for Production No. 15 sought documents and communications relating to any agreements between Defendants regarding recruiting or hiring practices. Plaintiffs instructed Defendants that the relevant period for all written discovery requests was "January 1, 2013 . . . through the present." (Pls.' Disc. Reqs. 6.) On June 7, 2019, all Defendants served written responses to Plaintiffs' requests, objecting to Plaintiffs' proposed relevant time period as overbroad and stating they would produce documents for the time period of "January 1, 2017 to present." (ME Disc. Resps. 2; BAH Disc Resps. 6; CACI Disc. Resps. 2.)

Due to the volume of documents requested and the challenges posed by the COVID-19 pandemic, Defendants' document production continued into 2020. In May 2020, Defendants BAH and ME sent letters to Plaintiffs explaining certain aspects of their document production. BAH and ME noted at least 10 times across three letters that the temporal scope of their document production ended on June 30, 2019 (or ended in "2019"). (BAH May 1, 2020 Letter 2; BAH May 8, 2020 Letter 1–3; ME May 29, 2020 Letter 2.) Notably, BAH's May 1, 2020 Letter stated as follows:

> Footnote 1 in your April 28 letter refers to "Relevant Employees" as those who worked at Molesworth between January 1, 2013 and "the present." You did not raise and we did not discuss the time period for discovery on our Monday call, nor do we agree with Plaintiffs' assertion that Relevant Employees comprises an ever-changing pool of individuals. As noted in Booz Allen's Responses and Objections dated June 7, 2019 to Plaintiffs' First Requests for Production, Booz Allen objected to Plaintiffs' proposed time period and agreed to produce documents up to the date the R&Os were served. Booz Allen has in fact produced documents through June 30, 2019, and we have consistently adopted that approach in our productions throughout this litigation. As we understand it, this approach is also consistent with Mission Essential's data productions.

(BAH May 1, 2020 Letter 2 n.1.) Although exact dates of document production are not in the record, Defendants' document production apparently continued on a rolling basis through

2

sometime in 2020. After the Court granted the parties' joint request for an extension, the discovery period expired on February 15, 2021. (ECF No. 80.)[1]

On February 19, 2021, four days after the close of discovery, Plaintiffs sent a letter to Defendants asking them to supplement their document and data production under Federal Rule of Civil Procedure 26(e) by producing all responsive documents and communications, employee compensation data, employee personnel files, and updated lists of all workers employed at Molesworth from July 1, 2019, through December 31, 2020. The parties met and conferred regarding Plaintiffs' request but were unable to reach agreement. Plaintiffs contacted the Court on February 24, 2021, to request an informal conference to resolve the dispute. The undersigned held a telephone conference with all parties on February 26, 2021, and ruled during the conference that Defendants need not supplement their production.

## II.     STANDARDS UNDER RULE 26(e)

Federal Rule of Civil Procedure 26(e) provides in pertinent part as follows:

> **(1)** *In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
>> **(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>>
>> **(B)** as ordered by the court.

Fed. R. Civ. P. 26(e)(1). Although the United States Court of Appeals for the Sixth Circuit does not appear to have spoken to the issue, district courts in other circuits have held that producing parties must supplement their earlier productions with relevant and responsive documents that

---

[1] The Court further extended the discovery period for the limited purpose of addressing disputes that may arise from the parties' new discovery requests served on January 15, 2021 (ECF No. 101), but those requests are not germane to the present dispute.

3

are created after the producing party's initial document production. *See*, *e.g.*, *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 78–79 (W.D.N.Y. 2011); *Lee Valley Tools, Ltd. v. Indus. Blade Co.*, 288 F.R.D. 254, 260 (W.D.N.Y. 2013); *L. Tarango Trucking v. Cty. of Contra Costa*, 202 F.R.D. 614, 618 (N.D. Cal. 2001); *but see Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, No. 03 CIV. 5560 RMB HBP, 2006 WL 1295409, at *2 (S.D.N.Y. May 10, 2006) ("Subsequently created documents do not render a previously served document response incomplete as of the date of the response."). However, where the request itself is limited in time, the producing party need not supplement with newly-created documents outside the bounds of the requested time period. *See Taylor v. Union Inst.*, 30 F. App'x 443, 451–52 (6th Cir. 2002). Further, if the requesting party has reason to know that the producing party has not supplemented its production in a timely manner, the requesting party may forfeit its right to court-compelled supplementation if the requesting party does not promptly raise the failure to supplement. *See*, *e.g.*, *In re High Fructose Corn Syrup Antitrust Litig.*, No. 95-1477, 2000 WL 33180835, at *3–4 (C.D. Ill. July 19, 2000); *Lugosch v. Congel*, No. 1:00-CV-0784, 2006 WL 8451656, at *3 (N.D.N.Y. Sept. 14, 2006).

### III.  ANALYSIS

The undersigned finds Defendants need not supplement their previous document production with documents postdating June 30, 2019, for two reasons. First, the text of Plaintiffs' document requests indicate they are limited in time to a period ending prior to June 30, 2019. Second, even if Plaintiffs' requests as written did encompass a period through December 31, 2020, Plaintiffs have forfeited any right to court intervention by their delay in raising this issue.

A. **Plaintiffs' document requests are limited in time to a period ending May 8, 2019.**

The language of the document requests themselves indicate an endpoint for their temporal scope: namely, "the present." Plaintiffs contend that "the present" is an ever-moving point in time that never arrives. They further rely on the instructions accompanying their document requests, which state that the requests "shall be deemed to be continuing in nature" and demand production of any newly-discovered or newly-acquired document "previously requested or required to be produced" within seven days of discovery or possession. (Pls.' Disc. Reqs. 6.) Plaintiffs' position, therefore, would essentially require Defendants to re-run their document searches *every seven days* up until the date of trial for employee and recruiting documents and data. The undersigned does not share Plaintiffs' interpretation of Plaintiffs' discovery requests.

"The present" refers to a time that varies in precise meaning depending on when it is uttered or written. Here, it was written in Plaintiffs' discovery requests dated May 8, 2019; therefore, "the present" as used in Plaintiffs discovery requests referred to the date of May 8, 2019. Defendants later agreed in written discovery responses dated June 7, 2019, to produce documents "through the present," meaning through June 7, 2019. This exchange demonstrates that, although the term "the present" can vary in precise meaning, it always *has* a precise meaning—it is not merely an abstract concept that Plaintiffs can rely on to obtain document production of infinite duration. If there were any confusion on this point, BAH made its position explicit in its May 1, 2020 letter, in which BAH noted, "Booz Allen objected to Plaintiffs' proposed time period and agreed to produce documents up to the date the R&Os [Responses and Objections] were served." (BAH May 1, 2020 Letter 2 n.1.)

The undersigned therefore construes Plaintiffs' original document requests as seeking documents for the time period of January 1, 2013, through May 8, 2019. As Plaintiffs concede

that Defendants have produced documents through June 30, 2019 (more than a month after the requested end date), there is nothing for Defendants to supplement, because documents related to the time period subsequent to June 30, 2019, are not responsive to the requests. *See Taylor*, 30 F. App'x at 451–52 (requests seeking documents "for the past ten years" referred to a finite time period that ended either by the date of the requests or the date document production was made; documents created after both those dates were not responsive and not subject to supplementation under Rule 26(e)). Plaintiff's request for additional documents on February 19, 2021, was therefore a *new*, not supplemental, discovery request, and was thus untimely, as discovery had closed four days prior.

**B.    Plaintiffs have forfeited any right to court-compelled supplementation.**

Even if Plaintiffs' May 8, 2019 requests could be construed to encompass the time period through December 31, 2020, Plaintiffs were on notice that Defendants intended to limit their production to a shorter time frame by May 2020 at the latest. BAH's and ME's letters to Plaintiffs in May 2020 make it abundantly clear that they would not produce documents related to any period subsequent to June 30, 2019.[2] Thus, if Plaintiffs were truly of the view that their requests required continual supplementation, they would have known in May 2020 that they were already missing nearly a year of documents and data. And if Plaintiffs knew of a discovery dispute, they were obligated to raise it with the Court prior to the close of discovery. (*See* Prelim. Pretrial Order 4, ECF No. 31) (requiring parties to "file any motions relating to discovery within the discovery period"); *see also Craig-Wood v. Time Warner N.Y. Cable, LLC*, 549 F. App'x 505, 508 (6th Cir. 2014) (affirming trial court's denial of discovery motion on the grounds

---

[2] Although CACI has not provided any correspondence to the Court expressly stating that it was similarly limiting its document production, BAH's and ME's letters should have put Plaintiffs on notice to inquire with CACI about the temporal scope of its production.

that it was filed after the expiration of the discovery deadline). Plaintiffs have provided no justification for waiting some nine months later, after the close of discovery, to raise this issue, and they have therefore forfeited any right to Court-compelled supplementation. *See*, *e.g.*, *In re High Fructose Corn Syrup*, 2000 WL 33180835, at *3–4 (failure to move for supplementation when requesting party learned documents were not going to be produced, and waiting until the close of discovery to do so, was "simply not reasonable under the circumstances"); *Lugosch v. Congel*, No. 1:00-CV-0784, 2006 WL 8451656, at *3 (N.D.N.Y. Sept. 14, 2006) (plaintiffs "waived any possible right to the disputed disclosure by their dilatory conduct" when they raised 26(e) supplementation issues after the close of discovery and after a trial date had been set).

Reopening discovery at this time would also be prejudicial to Defendants. As reflected in the May 2020 letters, the existing document production entailed an iterative process of negotiating search terms, custodians, data sources, metadata, and manual review and collection of personnel data, resulting in production of at least tens of thousands of pages of responsive documents. These search terms and custodians would need to be renegotiated for subsequent time periods, as Defendants' roster of employees was constantly changing. This is not the kind of information that can be quickly and easily updated, in contrast to, say, a request for updated medical records in a personal injury action. In light of the substantial burden that supplemental production would place on Defendants, Plaintiffs' delay in raising this issue is especially egregious.

## IV.     DISPOSITION

For the foregoing reasons, Plaintiffs' request to compel supplemental document production from Defendants for the time period of July 1, 2019, through December 31, 2020, is **DENIED**. The undersigned notes that, if Defendants discover that their document production for the time period ending June 30, 2019, is in any way incorrect or incomplete, they must

supplement their production as required by Rule 26(e), even though the discovery period has closed.

The Clerk is **DIRECTED** to file the parties' pre- and post-conference submissions on the docket as a separate ECF entry.   Exhibits to the parties' submissions that were marked by the parties as "Confidential" or "Highly Confidential" under the Stipulated Protective Order (ECF No. 38) shall be filed **UNDER SEAL**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE