IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SARAH J. HUNTER, *et al.*, | : | |
| | : | Case No. 2:19-cv-411 |
| Plaintiffs, | : | |
| | : | CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Chelsey M. Vascura |
| BOOZ ALLEN HAMILTON, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

<u>OPINION & ORDER</u>

### I.      INTRODUCTION

This matter is before the Court on Plaintiffs' Objections, (ECF No. 122), to the Magistrate Judge's March 2, 2021 Opinion and Order, (ECF No. 109), ruling that Defendants need not supplement their document production under Federal Rule of Civil Procedure 26(e). Also before the Court are Defendants' Response to Plaintiff's Objections, (ECF No. 124), and both parties' motions for leave to file supplemental briefs in relation to Plaintiffs' objections (ECF Nos. 125–26). For the reasons that follow, the parties' motions to file supplemental briefs (ECF Nos. 125–26), are **GRANTED**, and Plaintiffs' objections, (ECF No. 122), are **OVERRULED** for the reasons given by the Magistrate Judge in the March 2, 2021 Opinion and Order.

### II.      BACKGROUND

This matter arises out of document requests served by Plaintiffs on each of the Defendants on May 8, 2019, which sought production of certain documents for the time period of "January 1, 2013 . . . through the present." (ECF No. 110-2). Defendants timely served written responses and produced responsive documents on a rolling basis into 2020. Certain Defendants expressly objected to Plaintiffs' requested time period. Notably, a May 1, 2020 letter from counsel for Defendant Booz Allen Hamilton Incorporated ("BAH") stated:

> Footnote 1 in your April 28 letter refers to "Relevant Employees" as those who worked at Molesworth between January 1, 2013 and "the present." You did not raise[,] and we did not discuss the time period for discovery on our Monday call, nor do we agree with Plaintiffs' assertion that Relevant Employees comprises an ever-changing pool of individuals. As noted in Booz Allen's Responses and Objections dated June 7, 2019 to Plaintiffs' First Requests for Production, Booz Allen objected to Plaintiffs' proposed time period and agreed to produce documents up to the date the R&Os were served. Booz Allen has in fact produced documents through June 30, 2019, and we have consistently adopted that approach in our productions throughout this litigation. As we understand it, this approach is also consistent with Mission Essential's data productions.

(ECF No. 110-14, n.1).  After Magistrate Judge Vascura granted the parties' joint request for an extension, the relevant discovery period expired on February 15, 2021.  (ECF No. 80).

On February 19, 2021, four days after the close of discovery, Plaintiffs asked Defendants to supplement their document production under Federal Rule of Civil Procedure 26(e) to include the period of July 1, 2019, through December 31, 2020. When the parties could not reach agreement, the Magistrate Judge held a telephone conference on February 26, 2021 and issued an Opinion and Order on March 2, 2021 ruling that Defendants need not supplement their production. (ECF No. 109).  Plaintiffs filed their Objections on March 16, 2021. (ECF No. 122). Defendants filed a Response on March 30, (ECF No. 124), and both parties filed subsequent motions for leave to file supplemental briefs on April 2, 2021, and April 9, 2021. (ECF Nos. 125–26).

### III.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(a), district judges reviewing magistrate judges' orders on non-dispositive matters "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

Rule 72(a) provides "considerable deference to the determinations of magistrates." *Siegler v. City of Columbus*, 2:12-CV-472, 2014 WL 1096159, at *1 (S.D. Ohio Mar. 19, 2014) (quoting *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995)). This Court

has noted that "[w]hile Rule 72(a) does not use the phrase 'abuse of discretion,' the standard applied under this rule for a nondispositive motion parallels the standard outlined in *Getsy* for appellate review of discovery orders." *Nathan v. Ohio State Univ.*, 2:10-CV-872, 2013 WL 139874, at *2 (S.D. Ohio Jan. 10, 2013) (citing *Getsy v. Mitchell*, 495 F.3d 295, 310 (6th Cir. 2007) (en banc) ("[A] district court abuses its discretion where it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact.")).

The "clearly erroneous" standard applies to factual findings by the magistrate judge, while legal conclusions are reviewed under the "contrary to law" standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994); *see also Siegler*, 2014 WL 1096159, at *1-2 (S.D. Ohio Mar. 19, 2014). A factual finding is "'clearly erroneous' only when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Siegler*, 2014 WL 1096159, at *1 (citing *Heights Cmty. Cong. v. Hilltop v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985)). A district court's review of legal conclusions under the "contrary to law" standard "may overturn any conclusions of law which contradict or ignore applicable precepts of law." *Gandee*, 785 F. Supp. at 686; *see also Peters v. Credits Prot. Ass'n LP*, 2:13-CV-0767, 2015 WL 1022031, at *3 (S.D. Ohio Feb. 19, 2015).

## IV.    ANALYSIS

As a threshold matter, the Court **GRANTS** the parties' motions for leave to file supplemental briefs (ECF No. 125–26), and the Court has considered those submissions in connection with resolving the at-issue Objections.

The Magistrate Judge's reasoning in her March 2, 2021 Opinion and Order is sound. The Court agrees that the wording of Plaintiffs' discovery requests (describing the relevant period ending at "the present") limited them in time to a period ending prior to June 30, 2019. Moreover, even if Plaintiffs' discovery requests encompassed a time period through December 31, 2020,

3

BAH's May 1, 2020 letter to Plaintiffs' counsel put Plaintiffs on express notice that Defendants

would not produce documents for a period beyond June 30, 2019, meaning that Plaintiffs' delay

until February 2021 in raising the issue was unreasonable. As stated by the Magistrate Judge:

> Thus, if Plaintiffs were truly of the view that their requests required continual supplementation, they would have known in May 2020 that they were already missing nearly a year of documents and data.  And if Plaintiffs knew of a discovery dispute, they were obligated to raise it with the Court prior to the close of discovery. (*See* Prelim. Pretrial Order 4, ECF No. 31) (requiring parties to "file any motions relating to discovery within the discovery period"); *see also Craig-Wood v. Time Warner N.Y. Cable, LLC*, 549 F. App'x 505, 508 (6th Cir. 2014) (affirming trial court's denial of discovery motion on the grounds that it was filed after the expiration of the discovery deadline).  Plaintiffs have provided no justification for waiting some nine months later, after the close of discovery, to raise this issue, and they have therefore forfeited any right to Court-compelled supplementation.  *See, e.g., In re High Fructose Corn Syrup*, 2000 WL 33180835, at *3–4 (failure to move for supplementation when requesting party learned documents were not going to be produced, and waiting until the close of discovery to do so, was "simply not reasonable under the circumstances"); *Lugosch v. Congel*, No. 1:00-CV-0784, 2006 WL 8451656, at *3 (N.D.N.Y. Sept. 14, 2006) (plaintiffs "waived any possible right to the disputed disclosure by their dilatory conduct" when they raised 26(e) supplementation issues after the close of discovery and after a trial date had been set).

(ECF No. 109 at 6–7). Having reviewed Plaintiffs' Objections and Defendants' responses, this

Court finds that the Magistrate Judge's ruling was neither clearly erroneous nor contrary to law.

For these reasons, this Court overrules Plaintiffs' objections and **ADOPTS** the Magistrate Judge's

ruling.

## V.     CONCLUSION

For the foregoing reasons, the parties' motions to file supplemental briefs (ECF Nos. 125–

26) are **GRANTED**, and this Court hereby **ADOPTS** the Magistrate Judge's March 2, 2021

Opinion and Order (ECF No. 109).

 

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: June 14, 2021**