# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SARAH J. HUNTER, AND DAVID N. YOUTZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOOZ ALLEN HAMILTON, INC, *et al.*,<br><br>Defendants. | CASE NO. 2:19-cv-00411<br><br>Chief Judge Algenon L. Marbley<br><br>Magistrate Judge Chelsey M. Vascura |

## DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS CACI INTERNATIONAL, INC. AND CACI TECHNOLOGIES, LLC

I, Joseph R. Saveri, declare:

1. I am an attorney licensed in the State of California and admitted to practice in the Northern District of California. I am the founder of the Joseph Saveri Law Firm, LLP ("JSLF"), Class Counsel for the Plaintiffs in this action. I have handled this action since its inception. Unless otherwise indicated, I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently to them.

2. This Declaration is submitted in support of Plaintiffs' motion for preliminary approval of the settlement between Plaintiffs and Defendants CACI International, Inc. and CACI Technologies, LLC (collectively, "CACI" or "Defendant"). The proposed settlement is a partial settlement of this action, against CACI only. The litigation continues with respect to Booz Hamilton Allen, Inc. and Mission Essential Personnel, LLC (together the "Non-Settling Defendants").

**PROSECUTION OF THIS ANTITRUST LITIGATION BY COUNSEL FOR PLAINTIFFS**

3. This case involves antitrust claims brought under federal antitrust law by plaintiffs who were employed by Defendants and working under various contracts with the United States government at a former British Royal Air Force base referred to as JAC Molesworth and other European locations. Plaintiff's claims arise from Defendants' alleged unlawful agreements beginning in approximately July 2017 not to hire, recruit, or solicit one another's employees ("No-Hire Agreements"). The No-Hire Agreements fixed and suppressed compensation for Plaintiffs and the Class and imposed unlawful restrictions on employee mobility. Plaintiffs alleged the No-Hire Agreements are unlawful horizontal agreements to allocate the market for skilled professionals at JAC Molesworth, a per se violation of the Sherman Act, 15 U.S.C. § 1.

4. This action was initiated by class representative Sarah J. Hunter on February 7, 2019. The Joseph Saveri Law Firm, LLP and the Gibbs Law Group LLP are class counsel for the putative plaintiff class. On May 3, 2019, Plaintiffs filed a First Amended Complaint ("FAC").

5. The litigation has been prosecuted intensively since its inception.

6. Defendants filed a motion to dismiss the FAC on May 16, 2019.

7. The Court subsequently denied Defendant's motion to dismiss on November 12, 2019.

8. On December 18, 2020, Plaintiffs filed a motion for class certification, arguing that evidence common to the proposed class showed that Defendants, through their No-Hire Agreements, suppressed compensation for their employees. Defendants filed an opposition to the class certification motion on March 12, 2021, and Plaintiffs filed a reply in support of their motion on May 4, 2021. The parties submitted extensive briefs and accompanying expert reports on class certification.

9. Plaintiffs and Defendants engaged in extensive fact discovery until the cutoff date of February 15, 2021. Class Counsel and Counsel for CACI had engaged in extensive motion practice and substantial discovery including the production and review of millions of pages of documents and over two dozen depositions, including remote depositions taken of witnesses located in the United Kingdom. The parties also engaged in extensive expert discovery, including the exchanges of expert reports and expert depositions with respect to the Non-Settling Defendants, until August 27, 2021. The parties have also commenced preparations for trial.

10. On April 29, 2021, Plaintiffs and the parties participated in Court-facilitated mediation during which Plaintiffs and CACI reached a settlement in principle.

11. Following continued negotiations regarding additional terms of the settlement and settlement documentation, on June 8, 2021, the parties executed the Settlement Agreement, resolving all of the claims of Plaintiffs and the Settlement Class against CACI. Plaintiffs agree to release all of their claims against CACI in exchange for $200,000 in cash.

12. Based on the discovery produced, Plaintiffs have reached certain conclusions about the participation of the Settling Defendant agreeing with Non-Settling Defendants to refrain from hiring one another's employees. Documents produced by and depositions taken by Defendant document the participation of CACI in the wrongful acts alleged by Plaintiffs.

13. From the documents produced to date, Plaintiffs have conducted a factual investigation of the Settling Defendants' operations and the No-Hire Agreement activity that is the basis of all claims against the Settling Defendants and has considered the merits of individual defenses.

14. Counsel for Plaintiffs have considered the inherent risks of litigation in determining settlement with the Settling Defendant was appropriate, as well as the Settling Defendant's participation in the No-Hire Agreements, and the merits of the individual defenses that the Settling Defendant has raised.

15. Counsel for Plaintiffs and Counsel for CACI participated in a day long mediation with the Court-appointed mediator, John Camillus. The settlement discussions and negotiations with CACI were conducted individually and independent from any potential negotiations with the Non-Settling Defendants.

16. This is the first settlement in this action.

17. This settlement was the product of good faith, arm's-length negotiations among experienced and well-informed counsel. Plaintiffs' negotiations with the Settling Defendant

occurred over a span of several weeks. The parties were informed by extensive documentary and other discovery, as well as expert analysis.

18. None of the settlements reduces Plaintiffs' potential total recovery because it preserves their ability to recover for damages from the remaining Non-Settling Defendants based on the principles of joint and several liability applicable to claims under the federal antitrust laws.

## THE SETTLEMENT

19. Plaintiffs reached a settlement in principle with CACI on April 29, 2021, following Court-facilitated mediation. The parties executed the Settlement Agreement on June 8, 2021. Among other things, the Settlement Agreement, attached hereto as **Exhibit A**, provides the Settlement Class with $200,000 for the benefit of members of the settlement class. The Settlement Agreement is the product of arm's length negotiations, conducted over many weeks following Court-ordered mediation.

20. The CACI settlement is reasonable in light of the relatively small size and employment of members of the class. Plaintiffs understand the class to consist of approximately 400 individuals, present or former employees of Defendants. *See* Pls.' Mtn for Class Cert., Dkts. 86, 154 at III.B.1. CACI employed roughly 8% of the class members. Plaintiffs' experts have concluded that CACI accounts for approximately 10.86% of the damages attributed to the Defendants.

## APPOINTMENT OF JSLF AND GIBBS LAW GROUP AS SETTLEMENT CLASS COUNSEL

21. The Joseph Saveri Law Firm, LLP ("JSLF") and Gibbs Law Group LLP seek to be appointed as Settlement Class Counsel.

22.     JSLF and Gibbs Law Group have led the prosecution of this litigation on behalf of the Plaintiffs and have coordinated efforts with respect to the Settlement Agreements. Along with Gibbs Law Group, JSLF has coordinated or conducted all of the work performed to date on behalf of the Plaintiffs.

23.     JSLF is a leading plaintiffs' antitrust law firm, and has substantial experience serving in a leadership capacity of major antitrust class action litigation, including no-poach cases. Attached hereto as **Exhibit B** is a true and correct copy of the most recent version of the JSLF firm resume.

24.     Gibbs Law Group LLP is a leading consumer, class action, and antitrust law firm. Shawn Judge and Mark Troutman work from its Ohio office and have extensive experience and knowledge regarding local practice in the United States Court for the Southern District of Ohio. Attached hereto as **Exhibit C** is a true and correct copy of the most recent version of the Gibbs Law Group LLP resume.

25.     JSLF and Gibbs have committed substantial resources to the litigation of this action to date, including advancing the costs of litigation, travel expenses, and fees for expert witnesses.

26.     JSLF and Gibbs continue to be willing and able to vigorously prosecute this action and to devote all necessary resources to obtain the best possible result.

**REIMBURSEMENT OF INCURRED LITIGATION EXPENSES AND COSTS**

27.     JSLF and Gibbs do not seek costs incurred or attorneys' fees from the Settlement Fund at this time. The Settlement Funds will be used to pay the costs of notice and settlement administration. Remaining funds will be held in escrow until the claims against the other Defendants are adjudicated or resolved, pending subsequent order of the Court.

28.     To date, Plaintiffs have incurred substantial out of pocket costs. JSLF and Gibbs have undertaken the representation of Plaintiffs in this matter on a wholly contingent and a basis and have not received payment of attorney's fees or expenses incurred. Costs, including the costs associated with experts, have been substantial and total several hundred thousand dollars, substantially in excess of the proposed Settlement.

## NOTICE OF SETTLEMENT TO SETTLEMENT CLASS MEMBERS

29.     Counsel for Plaintiffs has prepared a long form mail notice of settlement, which will be mailed to settlement class members. Plaintiffs understand the class to consist of approximately 400 individuals, present or former employees of Defendants who possessed Eligible Job Titles as set forth in the class definition. See Pls.' Mtn. to Certify Class, ECF No. 154 at PageID 8724; Saveri Decl. Exh. D. (list of Eligible Job Titles attached as Exhibit A to the Long Form Notice). Plaintiffs understand Defendants maintain current direct mail and email addresses with respect to them. In order to disseminate notice, Plaintiffs will require current or last known mailing and email addresses for these individuals.

30.     A true and correct copy of the long form mail notice is attached hereto as **Exhibit D**. Plaintiffs also propose a short form email notice, attached hereto as **Exhibit E**. Settling Defendants have approved these notices. Counsel for Plaintiffs will also establish a website which will provide information regarding the litigation and the proposed settlements and provide links to key documents, including the notices set forth above, final approval papers and any applications for fees and costs.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and to the best of my knowledge and that this declaration was executed in San Francisco, California on September 16, 2021.

By: */s/ Joseph R. Saveri [per email auth 9/16/21]*
Joseph R. Saveri