# Exhibit A

# SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into this 8th day of June 2021, by and among Defendants CACI International, Inc. and CACI Technologies LLC (for itself and as successor to CACI Technologies Inc.) (together, "CACI") and Plaintiffs Sarah J. Hunter and David N. Youtz (together, the "Plaintiffs" or "Named Plaintiffs"), who have filed suit as representatives of a class of employees of CACI and other Defendants, as defined below, in the class action *Hunter, et al. v. Booz Allen Hamilton, Inc., et al.*, Docket No. 2:19-cv-00411, currently pending before the Honorable Algenon L. Marbley in the United States District Court for the Southern District of Ohio. Plaintiffs enter into this Settlement Agreement both individually and on behalf of the class they seek to represent (the "Class"). This Settlement Agreement is intended by the Settling Parties (defined below) to fully, finally, and forever resolve, discharge, and settle the Released Claims (defined below), upon and subject to the terms and conditions hereof.

**WHEREAS,** Plaintiffs are prosecuting the Action (defined below) on their own behalf and on behalf of the Class (further defined below) against CACI and other Defendants and alleged co-conspirators;

**WHEREAS,** the Class alleges, among other things, that CACI entered into unlawful agreements with the other Defendants to eliminate competition among them for skilled labor at Molesworth, England, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1;

**WHEREAS,** CACI has denied and continues to deny each and all of the Class's claims and allegations of wrongdoing; has not conceded or admitted any liability in this Action, or that it violated any duty owed to Plaintiffs or the Class; has denied and continues to deny all claims of liability against it arising out of any of the conduct, statements, acts or

omissions alleged in the Action; and further denies the allegations that Plaintiffs or any member of the Class were harmed by any conduct by CACI alleged in the Action or otherwise;

**WHEREAS,** the Class and Defendants (defined below) have engaged in extensive discovery regarding the facts pertaining to the Class's claims and Defendants' defenses;

**WHEREAS,** the Class and CACI agree that neither this Settlement Agreement nor any statement made in the negotiation thereof shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by CACI or of the truth of any of the claims or allegations alleged in the Action;

**WHEREAS,** the Class has thoroughly analyzed the facts and the law regarding the Action and have concluded that a settlement with CACI at this time according to the terms set forth below is fair, adequate, and reasonable, as well as in the best interest of the Plaintiffs and the Class;

**WHEREAS,** despite its belief that it is not liable for the claims asserted against it in the Action and that it has strong defenses thereto, CACI has concluded that it will enter into this Settlement Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and thereby to put to rest this controversy with respect to the Class and avoid the risks inherent in complex litigation;

**WHEREAS,** arm's-length settlement negotiations have taken place between Class Counsel (defined below) and CACI, and through mediation conducted by Court-appointed mediator John Camillus, and this Settlement Agreement, which together with the Escrow Agreement (defined below), embodies all of the terms and conditions of the settlement

between CACI and Plaintiffs, both individually and on behalf of the Class, has been reached as a result of the parties' negotiations (subject to the approval of the Court) as provided herein;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Settling Parties (defined below), by and through their undersigned attorneys of record, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, that the Action be finally and fully settled, compromised, and dismissed on the merits and with prejudice as to CACI and the Releasees (defined below), without costs as to the Class, or CACI, upon and subject to the approval of the Court, following notice to the Class, on the following terms and conditions:

## Definitions

The following terms, as used in this Settlement Agreement, shall have the following meanings:

a. "Action" means the action captioned *Hunter, et al. v. Booz Allen Hamilton, Inc., et al.*, Docket No. 2:19-cv-00411, pending in the United States District Court for the Southern District of Ohio.

b. "Affiliates" means entities controlling, controlled by or under common control with another entity.

c. "Authorized Claimant" means any member of the Class who, in accordance with the terms of this Settlement Agreement, submits a timely claim that is approved by the Court in accordance with an applicable distribution plan or order of the Court requiring distribution to the Class.

d.    "CACI" means Defendants CACI International, Inc. and CACI Technologies LLC (separately and as successor to CACI Technologies Inc.).

e.    "Class Counsel" refers to the Joseph Saveri Law Firm, LLP and Gibbs Law Group LLP.

f.    "Class Member" means a person who falls within the definition of the Settlement Class and who has not timely and validly self-excluded from the Class in accordance with the procedures established by the Court.

g.    "Class Period" means the period from and including January 1, 2015 through June 1, 2021.

h.    "Class Representatives" refers to Plaintiffs Sarah J. Hunter and David N. Youtz.

i.    "Complaint" means the operative First Amended Complaint dated May 3, 2019.

j.    "Court" or "District Court" means the United States District Court for the Southern District of Ohio.

k.    "Defendants" means Booz Allen Hamilton, Inc.; CACI International, Inc.; CACI Technologies LLC (separately and as successor to CACI Technologies Inc.); and Mission Essential Personnel, LLC.

l.    "Effective Date" means the first date after which all of the following events and conditions have been met or have occurred:

i.    All Settling Parties (defined below) have executed this Settlement Agreement;

4

ii.    The Court has entered an order granting final approval of this Settlement Agreement under Federal Rule of Civil Procedure 23(e) and entered Final Judgment (defined below) dismissing this Action with prejudice as to CACI; and

iii.    The time for appeal or to seek permission to appeal from the Court's approval of this Settlement Agreement and entry of Final Judgment as to CACI has expired, or, if appealed, the Court's approval of this Agreement and the Final Judgment as to CACI have been affirmed in their entirety by the court to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review; provided, however, a modification or reversal on appeal of any amount of Class Counsel's fees or expenses awarded by the Court from the Settlement Fund or any plan of allocation or distribution of the Settlement Fund shall not be deemed a modification of all or part of the terms of this Settlement Agreement or the Final Judgment. Neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.

m.    "Escrow Account" means that escrow account to be established with a bank or trust company pursuant to the terms and conditions of the Escrow Agreement.

n.    "Escrow Agent" means the bank or trust company that agrees to establish and maintain the Escrow Account pursuant to the terms of the Escrow Agreement.

o.    "Escrow Agreement" means an escrow agreement in a form mutually satisfactory to the Class and CACI.

p.    "Final Judgment" means a final order approving the Settlement Agreement under Federal Rule of Civil Procedure 23(e) and dismissing the Action and all claims therein against CACI with prejudice as to the Class.

q. "Non-Settling Defendants" means Booz Allen Hamilton, Inc. and Mission Essential Personnel, LLC.

r. "Person" means an individual or an entity.

s. "Released Claims" means those claims released pursuant to Paragraphs 15 to 21 of this Settlement Agreement.

t. "Releasees" refers to CACI and to all of its respective past and present, direct and indirect, subsidiaries, joint ventures, and Affiliates, including, but not limited to, CACI; the predecessors, successors, and assigns of any of the above; and each and all of the present and former principals, partners, members, officers, directors, employees, representatives, insurers, attorneys, shareholders, heirs, executors, administrators, agents, and assigns of each of the foregoing. Each of the Releasees shall have the full benefits of this Settlement Agreement, including, without limitation, those benefits set forth in Paragraphs 15 to 21 of this Settlement Agreement, even though the specific name of each of the Releasees is not set forth herein.

u. "Releasors" refers to each of the Plaintiffs and the members of the Class, and to their respective past and present officers, directors, employees, agents, shareholders, attorneys, servants, representatives, parent companies, subsidiaries, Affiliates, partners, insurers, receivers, and bankruptcy trustees and the predecessors, successors, heirs, executives, administrators, and assigns of any of the foregoing.

v. "Settlement Administrator" means that entity engaged by the Class to administer and disseminate notice, receive claims and disburse the Settlement Fund.

w. "Settlement Agreement" means this agreement, made and entered into on June 8, 2021.

x. "Settlement Amount" means the sum of two hundred thousand dollars ($200,000) payable in lawful money of the United States as set forth in Paragraph 22 below.

y. "Settlement Class" means:

All natural persons employed by Defendants at JAC Molesworth during the Class Period from January 1, 2015 through June 1, 2021.

Excluded from the Class are: corporate officers, members of the boards of directors, and senior executives of Defendants who entered into the illicit agreements alleged herein; employees of the United States government employed at JAC Molesworth during the Class Period; and any and all judges and justices, and chambers' staff, assigned to hear or adjudicate any aspect of this litigation.

z. "Settlement Class Member" means any person who meets the "Settlement Class" definition above and who has not timely and properly opted out of the Settlement.

aa. "Settlement Defendants' Counsel" means Squire Patton Boggs (US) LLP.

bb. "Settlement Fund" means the Settlement Amount and any interest earned on that amount.

cc. "Settling Parties" means, collectively, Plaintiffs, on behalf of themselves and the Class, and CACI.

## Approval of this Settlement Agreement, Preliminary Approval, Notice, Final Approval and Judgment, and Dismissal of Claims

1. ***Best Efforts to Effectuate this Settlement.*** The Class and CACI shall use their best efforts to effectuate this Settlement Agreement and obtain a Court order that CACI is excused from further proceedings in the Action, currently on-going, and shall cooperate in the Class's efforts to promptly seek and obtain the Court's preliminary and final approval of this Settlement Agreement and to secure the prompt, complete, and final dismissal with prejudice of the Action as to CACI.

2. ***Notice to the Court of Settlement Agreement.*** The Class and CACI shall use their best efforts to promptly execute this Settlement Agreement and notify the Court of the fact of this Settlement.

3. ***Settlement Class Certification***. The Settling Parties hereby stipulate for purposes of settlement only that the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied, and, subject to Court approval, the Settlement Class set forth in Paragraph y. shall be certified for settlement purposes as to CACI only (with the understanding that, by stipulating to the proposed Settlement Class, CACI does not agree that Rule 23 requirements are met for purposes of a litigation class and reserves all rights to oppose class certification in the event the Settlement is not approved).

4. ***Motion for Preliminary Approval and Notice to Class.*** Promptly, but at a specific time to be determined by Class Counsel, the Class shall submit this Settlement Agreement to the Court with a Motion for Preliminary Approval, requesting entry of an order in form and substance mutually satisfactory to the Class and CACI preliminarily approving the settlement, authorizing dissemination of notice to the Class that includes notice of the opportunity to opt-out, and scheduling a hearing for final approval of the settlement. Additionally, Plaintiffs may seek an award of attorneys' fees, reimbursement of costs, and service awards to Class Representatives.

5. ***Notice.*** The Preliminary Approval Motion shall include the proposed form of, method for, and timetable for dissemination of notice to the Class and shall recite and ask the Court to find that the proposed form of and method for dissemination of the notice to the Class constitutes valid, due and sufficient notice to the Class, constitutes the

best notice practicable under the circumstances, and complies fully with the requirements of Federal Rule of Civil Procedure 23. Notice to the Class will include notice based on a class list developed by Class Counsel and notice by mail or email with all expenses paid from the Settlement Fund. CACI will facilitate class notice by providing names and last known addresses to Class Counsel for class members who currently are, or were formerly, employed by CACI. Class Counsel will ask the Court to require the Non-Settling Defendants to do the same. Class Counsel shall, in accordance with Rule 23(c)(2) of the Federal Rules of Civil Procedure, direct the Settlement Administrator approved by the Court to provide the Class with Notice as ordered by the Court. In no event shall CACI be responsible or liable for any fees or expenses relating to Notice.

6. ***Possibility of Joint Notice.*** To the extent practicable and to the extent consistent with this Settlement Agreement, Class Counsel may permissibly seek to combine dissemination of notice of this Settlement Agreement and the proposed notice of other settlement agreements reached with other Defendants to reduce the expense of notice. The text of any such joint notice shall be agreed upon by Plaintiffs and CACI before submission of the notice to the Court for approval.

7. ***Dissemination of Notice.*** Class Counsel shall propose, and CACI shall not oppose, that the Notice be disseminated by publication (through print, email, and/or online notices) or such other method using a methodology developed by the Settlement Administrator.

8. ***Conveyance of Draft Motions.*** At least two (2) business days prior to the filing of any motions or other papers in connection with this Settlement Agreement,

including without limitation, the Preliminary Approval Motion and the Motion for Final Approval of the Settlement, Class Counsel will send a draft of these papers to counsel for CACI. The text of any proposed form of order preliminarily or finally approving the Settlement shall be agreed upon by Plaintiffs and CACI before it is submitted to the Court.

9. ***Settlement Administrator.*** The Class shall retain a Settlement Administrator, which shall be responsible for the notice administration process, distribution to the Class, withholding and paying applicable taxes, and other duties as provided herein. Class Counsel shall obtain approval by the Court of the choice of Settlement Administrator. The Settlement Administrator shall sign and be bound by the Protective Order entered in the Action. The fees and expenses of the Settlement Administrator shall be paid exclusively out of the Settlement Fund. In no event shall CACI be separately responsible or liable for any fees or expenses of the Settlement Administrator.

10. ***Motion for Final Approval and Entry of Final Judgment.*** Not less than thirty-five (35) calendar days prior to the date set by the Court to consider whether this Settlement should be finally approved, Plaintiffs shall submit, and CACI shall not object to, a Motion for Final Approval of the Settlement by the Court, seeking the following:

    a.    Fully and finally approving this Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Class within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure and directing its consummation according to its terms and conditions;

    b.    Finding that the notice given to the Class constitutes the best notice practicable under the circumstances and complies in all respects with the due, adequate,

and sufficient notice requirements of Federal Rule of Civil Procedure 23, and meets the requirements of due process;

c.    Directing that, as to CACI, the Action be dismissed with prejudice and, except as provided for in this Settlement Agreement, without costs;

d.    Discharging and releasing the Releasees from the Released Claims;

e.    Permanently barring and enjoining the institution and prosecution, by any member of the Class that does not opt out, of any other action against the Releasees based on the Released Claims;

f.    Reserving continuing and exclusive jurisdiction over the settlement and this Settlement Agreement, including all future proceedings concerning the administration, interpretation, consummation, and enforcement of this settlement, to the United States District Court for the Southern District of Ohio;

g.    Finding under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to CACI shall be final and entered forthwith; and

h.    Requiring Plaintiffs' Counsel to file with the Clerk of the Court a record with the names and addresses of Class Members who timely exclude themselves from the Settlement Class and to provide a copy of the record to CACI's Counsel.

No later than five (5) business days after the Court fully and finally approves this Settlement Agreement and its terms, Plaintiffs shall seek entry of Final Judgment as to CACI.

11. *Stay.* Upon the date that the Court enters an order preliminarily approving the Settlement Agreement, the Action shall be stayed as against CACI. Should the Action be tried against any of the Defendants that remain in the Action, the parties specifically agree that any findings therein shall not be binding on or admissible in evidence against CACI or prejudice CACI in any way in any future proceeding involving CACI.

12. *Effect on Continued Proceedings against CACI.* Upon the date that the Court enters an order preliminarily approving the Settlement Agreement, Plaintiffs and every member of the Class shall be barred and enjoined from commencing, instituting, or continuing to prosecute any action or any proceeding against CACI in any court of law or equity, arbitration tribunal, administrative forum or other forum of any kind based on the Released Claims.

13. *No Effect on Continued Proceedings against Remaining Defendants.* Nothing in this Settlement Agreement shall prohibit the Class or Class Counsel from continuing to participate in discovery or with respect to other procedures in the Action against Defendants or third parties other than CACI.

14. *Notification of Federal and State Officials.* CACI shall notify federal and state officials of the Settlement as specified in 28 U.S.C. §§ 1715(a) & (b).

## Release and Discharge

15. *Released Claims.* In addition to the effect of the Final Judgment entered in accordance with this Settlement Agreement, upon the occurrence of the Effective Date and in consideration of payment of the Settlement Amount specified in Paragraph 22 of this Settlement Agreement, the Releasees shall be completely released, acquitted, and forever discharged from any and all manner of claims, demands, rights, actions, suits, and causes of action, whether class, individual, or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses,

penalties, injuries, and attorneys' fees that Releasors, or any one of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have against the Releasees, whether known or unknown, relating in any way to any conduct by Releasees alleged in the Complaint and any joint and several liability arising from the conduct of any of the Defendants in the Action prior to the Effective Date arising under or relating to any other alleged restriction on competition for employment of class members by CACI, whether such claims are known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, regardless of legal theory and regardless of the type or amount of relief or damages claimed, including any claims arising out of, resulting from, or in any way related to any conduct regardless of where it occurred at any time on or after January 1, 2015, concerning the entering into and engagement in unlawful agreements not to solicit and/or to hire the workers of another Defendant as alleged in the Complaint. The Released Claims also include, but are not limited to, all claims asserted or which could have been asserted in the Complaint relating to or arising out of the facts, occurrences, transactions, statements, or other matters alleged in the Complaint including, but not limited to, claims arising under federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, or civil conspiracy law, including without limitation the Sherman Act, 15 U.S.C. § 1 *et seq.*, but only to the extent they concern the entering into and engagement in unlawful agreements not to solicit and/or to hire the workers of another Defendant.

16. The Released Claims do not include any claim for any product defect, breach of warranty, breach of contract, claim under the Uniform Commercial Code, claims for

personal or bodily injury, claims for discrimination, classification or misclassification, workplace safety, retaliation, employee leave or benefits or claims under the WARN Act, or for wages, overtime pay under the Fair Labor Standards Act or similar state labor codes or similar laws or any rule or statute of the United Kingdom or England.

17. ***Covenant Not to Sue.*** Releasors shall not, after the Effective Date of this Settlement Agreement, sue or otherwise seek to establish liability against CACI or any of the Releasees based, in whole or in part, upon any of the Released Claims or conduct at issue in the Released Claims relating to the entering into and engagement in unlawful agreements not to hire the workers of another Defendant. Releasors and Class Counsel acknowledge that they and CACI each consider it to be a material term of this Settlement Agreement that all Releasors will be bound by the provisions of this paragraph.

18. ***Select Relinquishment of Rights.*** Upon approval by the Court of a claim timely submitted by an Authorized Claimant, CACI waives and relinquishes as against each such Authorized Claimant any rights that it might otherwise have pursuant to arbitration agreements, forum selection clauses, or jury waiver clauses with respect to the Released Claims.

19. ***Waiver of California Civil Code Section 1542 and Similar Laws.*** The Releasors acknowledge that for the consideration received hereunder, it is their intention to release, and they are releasing all Released Claims, whether known or unknown. In furtherance of this intention, the Releasors expressly waive and relinquish, to the fullest extent permitted by law, any rights or benefits conferred by the provisions of California Civil Code Section 1542 ("Section 1542") and similar statutes or common law principles

in other states. The Releasors acknowledge that they have been advised by Class Counsel of the contents and effects of California Civil Code Section 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

20. ***Express Waiver of Rights.*** The provisions of the Release set forth above in Paragraph 15 shall apply according to their terms, regardless of provisions of Section 1542 or any equivalent, similar, or comparable present or future law or principle of law of any jurisdiction. The Releasors may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the Released Claims, but the Releasors hereby expressly waive and fully, finally, and forever relinquish any and all rights and benefits existing under (i) Section 1542 or any equivalent, similar, or comparable present or future law or principle of law of any jurisdiction and (ii) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release and covenant not to sue set forth in Paragraphs 15, 16, 17.

21. ***Claims Excluded from Release.*** Nothing in this Settlement Agreement is intended to limit, reduce, or affect whatever rights any member of the Class may have to seek damages or other relief in the Action or elsewhere from any person or entity other than CACI or any Releasee, as that term is defined herein, to the fullest extent allowed by law. This Settlement Agreement does not settle or compromise any claim by any member of the Class asserted in the Complaint against the Non-Settling Defendants or any Defendant other than CACI. CACI's alleged unlawful agreements and compensation

relating to the Class shall not be removed from the Action for purposes of the Class

asserting joint and several liability or any derivative liability against any Defendant

remaining in the Action.

## Settlement Consideration: Payment

22. ***Settlement Payment.*** Subject to the provisions hereof, and in full, complete,

and final settlement of the Action as provided herein, CACI shall pay $200,000 in the

lawful money of the United States into the Escrow Account within ten (10) business

days of execution of this Settlement Agreement.

23. ***Notice, Fees, and Costs.*** Upon the Court's order granting the Preliminary

Approval Motion, the Settlement Fund shall be immediately available for reimbursement

of costs, fees, and expenses related to providing notice to the Class. Such costs, fees, and

expenses related to providing notice to the Class shall be paid exclusively from the

Settlement Fund.

24. ***No Additional Payments by CACI.*** Under no circumstances will CACI be

required to pay more or less than the Settlement Amount stated in this Settlement

Agreement and the settlement set forth herein.

25. ***No Other Discovery.*** From and after the date this Settlement Agreement is

fully executed, neither CACI nor the Class shall file motions against the other or initiate

or participate in any discovery, motions practice, or proceeding directly adverse to the

other in connection with the Action, except as specifically provided for herein. CACI and

the Class shall not be obligated to respond or supplement prior responses to formal

discovery that have been previously propounded by the other in the Action. CACI shall

retain the right, by motion or otherwise, to protect, or attempt to protect, from disclosure

any and all documents and information designated by it as Confidential under the Protective Order in this Action.

**Settlement Fund**

26. ***Exclusivity of Relief in Settlement Fund.*** Each Class member shall look solely to the Settlement Fund for settlement and satisfaction, as provided herein, of all claims released by the Releasors pursuant to Paragraphs 15 to 21 herein. Except as provided by order of the Court upon finally approving and giving effect to the Settlement Agreement, no Class member shall have any interest in the Settlement Fund or any portion thereof.

27. ***Disbursements from Escrow Fund before Effective Date.*** Before the Effective Date, disbursements for expenses associated with providing notice of the settlement to the Class, expenses associated with administering the settlement, and any payments and expenses incurred in connection with taxation matters relating to the settlement and this Settlement Agreement may be made from the Escrow Account. In the event the Settlement Agreement is disapproved, rescinded, or the Effective Date does not occur, such amounts shall be refunded to CACI.

28. ***Escrow Fund Interest and Expenses.*** Payments into the Escrow Account may, when made, be invested in instruments secured by the full faith and credit of the United States, and any interest earned thereon shall become part of the Settlement Fund. Such portions of the Settlement Fund as may reasonably be needed to pay current expenses associated with providing notice to the Class and administering the Settlement Fund may be paid from the Escrow Account.

29. ***Allocation of Settlement Fund***.  The allocation of the Settlement Fund among the Settlement Class shall be subject to a plan of allocation to be proposed by Plaintiffs' Counsel and approved by the Court. CACI will take no position with respect to such proposed plan of allocation, or such plan as may be approved by the Court. CACI also will have no involvement in the claims process.

30. ***No Liability for Distribution of Settlement Fund***. Except as provided in Paragraph 22, neither CACI nor its counsel shall have any responsibility for, interest in, financial obligation for, or liability whatsoever with respect to the investment, distribution, use, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such investment, distribution, or administration. CACI and its counsel shall likewise have no responsibility for, interest in, financial obligation for, or liability whatsoever with respect to the allocation or distribution of the Settlement Fund and shall not be responsible or otherwise liable for any disputes relating to the amount, allocation, or distribution of any fees, costs, or awards. Further, after making the payments described in Paragraph 22 of this Settlement Agreement, CACI shall not be liable for any additional payments to the Class or Class Counsel pursuant to this Settlement Agreement.

31. ***Distribution of Net Settlement Fund.*** After the Effective Date, the Settlement Fund will be distributed in accordance with a distribution plan that Class Counsel shall submit at the appropriate time for approval by the Court. At the discretion of Class Counsel, the Settlement Fund may be distributed with settlements, if any, with the Non-Settling Defendants.

**Attorneys' Fees; Service Awards**

32. *Attorneys' Fees.* Class Counsel may, in its sole discretion, seek an award of attorneys' fees, reimbursement of costs, and incentive awards to Class Representatives at the time of filing the Preliminary Approval Motion or at the time notice is disseminated to the Class. CACI shall have no responsibility for payment of any attorneys' fees separate from or additional to the Settlement Payment set forth in Paragraph 22 above.

33. The procedure for, and the allowance or disallowance by the Court of, any application by Class Counsel for attorneys' fees and expenses are not part of the Settlement and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. CACI will take no position on Class Counsel's request for attorneys' fees and expenses, the appropriateness of any such award by the Court, or the timing of payment to Class Counsel. Class Counsel may, at a time approved by the Court, seek an award of attorneys' fees and reasonable litigation expenses to be paid out of the Escrow Account after the final approval of the Agreement. Any order or proceeding relating to any application for, or approval of, attorneys' fees and expenses, the pendency of any such application, or any appeal or review of an order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality of the Judgment.

34. Class Counsel shall have sole authority to determine the allocation of attorneys' fees awarded by the Court. CACI shall have no responsibility for, and no liability whatsoever with respect to, the division of attorneys' fees and expenses among Class Counsel, and any negotiation or dispute among Class Counsel in that regard shall

not operate to terminate or cancel this Settlement Agreement or affect or delay the finality

of the Judgment. CACI shall have no responsibility for, and no liability whatsoever with

respect to, any payment(s) to Class Counsel or to any other counsel representing any

Plaintiff or any member of the Class or to any other Person who may assert some claim

thereto or any fee and expense award that the Court may make in this Action, other than

as set forth in this Settlement Agreement.

35. ***Pre-Effective Date Payments.*** If there is any payment of attorneys' fees or

reimbursement of expenses advanced by Plaintiffs' Counsel prior to the Effective Date,

any attorneys, individuals, or firms receiving payment shall provide letters of credit from

nationally chartered banks payable to CACI sufficient to secure any repayment

obligations of those attorneys, individuals, or firm. Plaintiffs and Class Counsel and any

other counsel representing any Plaintiff or member of the Class shall be reimbursed and

paid solely out of the Settlement Fund for all costs, fees and expenses including, but not

limited to, attorneys' fees; past, current, or future litigation expenses (including, but not

limited to, experts' and consultants' fees and expenses); the costs of giving notice of the

Settlement to the Class; and any service awards to the Class Representatives, subject to

application to and approval of the Court.

36. ***Disbursements and Refunds.*** Disbursement of such fees, costs, and expenses,

as ordered by the Court, shall not be delayed by reason of any appeal of the Final

Judgment; provided, however, if the Court's award of fees, costs, and expenses is

vacated, reversed, or reduced on or as a result of an appeal, Class Counsel shall within

ten (10) business days after receiving written notice from the Court of such vacatur,

reversal, or reduction, make a refund to the Escrow Account in the amount of such

vacatur, reversal, or reduction with interest, and further provided that if Plaintiffs or

CACI elect to rescind the Settlement Agreement pursuant to Paragraphs 40 through 41

below, Class Counsel shall within ten (10) business days after giving notice to or

receiving notice from CACI of such rescission, make a refund to the Escrow Account in

the amount of any such fees, costs, and expenses with interest. The interest rate

applicable to any refund made to the Escrow Account pursuant to this paragraph shall be

the same interest rate earned by the Settlement Fund during the period between the

payment of approved attorneys' fees, costs, and expenses and any such refund.

37. ***Service Awards***. Class Counsel may seek Court approval for service awards

to Named Plaintiffs to compensate them for their contributions to this Action. The

proposed service awards shall be in addition to any monetary award to Named Plaintiffs

under any plan of allocation and is subject to Court approval. Such service awards shall

be paid by the Settlement Administrator solely out of the Settlement Fund upon Court

approval.

## Disbursement of the Settlement Fund

38. The Settlement Fund shall be disbursed as follows, or as otherwise ordered by

the Court.

      a.    Prior to entry of Final Judgment:

            i.    Any fees and expenses incurred in administering the Escrow

                  Account and the Settlement Fund shall be paid from the

                  Settlement Fund. The costs of settlement notice and

                  administration of the Settlement Agreement and Settlement

Fund shall be paid by the Escrow Agent with notice of such

payments provided to counsel for the Settling Parties;

ii.  Disbursements for the payment of any taxes (including any

estimated taxes, interest or penalties) due, as a result of income

earned by the Settlement Fund, shall be made promptly by the

Escrow Agent with notice of such disbursements provided to

counsel for the Settling Parties;

iii. As provided in Paragraph 22, an amount of cash, not to exceed

$200,000, shall be made available to Class Counsel out of the

Settlement Fund for purposes of defraying the actual cost of

settlement notice and related administrative costs;

b.  After entry of Final Judgment:

i.  The attorneys' fees and litigation expenses approved by the

Court may be distributed to Class Counsel from the Settlement

Fund within five (5) business days of an order approving

attorneys' fees and expenses. Class Counsel may withdraw from

the Settlement Fund and allocate amongst counsel for the

Plaintiffs or the Class any fees and expenses so awarded to them

by the Court; however, in the event that the order(s) approving

the fee and expense award is reversed or modified on appeal,

Paragraph 40 shall control;

ii.  Additional fees or expenses incurred in connection with the

administration of the Escrow Account and the Settlement Fund,

including the fees and expenses incurred as part of notice, shall

be paid from the Settlement Fund by the Escrow Agent with

notice of such disbursements provided to counsel for the

Settling parties;

iii. Disbursements for the payment of any taxes (including any

estimated taxes, interest or penalties) due as a result of income

earned by the Settlement Fund shall be made promptly by the

Escrow Agent with notice of such disbursements provided to

counsel for the Settling Parties;

c. After the Effective Date:

i. Any service awards granted by the Court for services rendered to

the Class by Class Representatives as set forth in the proposed

notice forms ordered by the Court may be distributed to Class

Representatives from the Settlement Fund after the Effective

Date of the Settlement; and

ii. The balance of the Settlement Fund after the payment of

attorneys' fees, costs and expenses, taxes, incentive awards,

costs of notice and administration of the Settlement and

Settlement Fund, may be distributed to Authorized Claimants in

accordance with the plan of allocation or distribution approved

by the Court.

39. ***Balance Remaining in Settlement Fund; No Reversion.*** In the event monies

remain as residue in the Settlement Fund following all distribution efforts approved by

the Court (whether by reason of tax refunds, uncashed checks or otherwise), Class

Counsel shall move the Court for an order disposing of all such funds, including

additional possible distributions to approved Class claimants and/or *cy pres* distribution

as approved by the Court. In such event, no portion of or amount from the Settlement

Fund shall revert or be returned to CACI.

## Rescission of the Settlement Agreement

40. ***Option to Rescind.*** If the Court declines to approve this Settlement

Agreement, or if such approval is materially modified or set aside on appeal, or if the

Court does not enter the Final Judgment as provided in Paragraph 10, or if the Court

enters the Final Judgment and order and appellate review is sought and, as a result of

such review, the Effective Date does not occur, then CACI and the Plaintiffs shall each,

in their respective sole discretion, have the option to rescind this Settlement Agreement

in its entirety by providing written notice to the undersigned counsel, by personal

delivery, facsimile, email, or by overnight courier within ten (10) business days of the

Court's order declining to approve this Settlement Agreement, or a Court order

materially modifying the terms of the of settlement or setting it aside on appeal, or a

Court order declining to enter Final Judgment, or an order on appeal that fails to affirm

Final Judgment. A modification or reversal on appeal of any amount of Class Counsel's

fees and expenses awarded by the Court from the Settlement Fund or any plan of

allocation or distribution of the Settlement Fund shall not be deemed a modification of

all or part of this Settlement Agreement or the Final Judgment.

41. ***Effect of Paragraph 40 Rescission or Elective Withdrawal under Paragraph***
***42.*** Upon notice of rescission as provided in Paragraphs 40 or elective withdrawal under

Paragraph 42 of this Settlement Agreement, any and all amounts constituting the Settlement Fund (including, but not limited to, any fees, costs, and/or expenses advanced to Class Counsel pursuant to Paragraph 32 above) shall be returned forthwith to CACI. In such event, the Escrow Agent shall disburse the Settlement Fund to CACI in accordance with this paragraph within fifteen (15) business days after receipt of either (i) written notice signed by counsel for CACI and Class Counsel stating that this Settlement Agreement has been canceled or terminated, or (ii) any order of the Court so directing. If the Settlement Agreement is rescinded, canceled, or terminated pursuant to Paragraph 40, any obligations pursuant to this Settlement Agreement (other than disbursement of the Settlement Fund to CACI as set forth above) shall cease immediately.

42. *Elective Withdrawal.* In the event that the Total Compensation of Settlement Class Members that timely and validly exclude themselves from the Settlement exceeds 35% of the Total Compensation of all of the Settlement Class Members, or exceeds 20% of the headcount of the Settlement Class Members (the "Threshold"), then CACI, in its sole discretion, shall have the unilateral, unconditional option to withdraw from the Settlement Agreement and render the Settlement Agreement null and void, and Paragraph 41 of the Settlement Agreement shall apply as to CACI.

43. *Calculation of the Threshold.* For purposes of assessing and estimating the Threshold, the Settlement Administrator shall, at least twenty-eight (28) days before the Fairness Hearing, provide the Settling Parties (a) with a calculation of (i) Total Compensation of all Class Members, and (ii) Total Compensation of the Class Members that timely and validly opted out of the Settlement; and (b) back-up data sufficient for a Settling Party to independently verify the accuracy of the foregoing calculations. It is the

Settling Parties' intention to use the best reasonably available information in making these calculations, but not to let the imprecision or incompleteness of such data stand in the way of making such calculations. The burden of proof, or disproof, is shared equally between the Settling Parties such that the Settling Parties equally bear the consequences of any imperfections or incompleteness of the available data.

44. ***Resolution of Dispute over the Threshold.*** If CACI seeks to terminate the Settlement Agreement on the basis that the Threshold has been met, the Settling Parties agree that any dispute as to whether the Threshold has been met will be resolved by a Special Master appointed by the Court. Any decision of the Special Master may be appealed to the Court for review in accordance with the terms of the Special Master appointment in the Action.

45. ***Written Notice of Termination.*** To exercise its option to terminate the Settlement Agreement, CACI's counsel must provide Class Counsel with written notice no later than twenty-one (21) days prior to the Fairness Hearing. The Parties will use their best efforts to complete the dispute resolution process at least seven (7) days before the Fairness Hearing.

46. ***Use of Agreement as Evidence.*** This Settlement Agreement, regardless of whether it shall become final, and any and all negotiations, documents, and discussions associated with it, shall be governed by Federal Rule of Evidence 408 and shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by CACI or of the truth of any of the claims or allegations made in the Action, and evidence thereof shall not be admissible or used directly or indirectly in any way in the Action or in any other action or proceeding, except an action to enforce or interpret the terms of the Settlement Agreement. The

parties expressly reserve all of their rights if the settlement does not become final in accordance with the terms of this Settlement Agreement.

**Taxes**

47. ***Responsibility regarding Taxes.*** Class Counsel shall be solely responsible for directing the Settlement Administrator to file all informational and other tax returns necessary to report any taxable and/or net taxable income earned by the Settlement Fund. Further, Class Counsel shall be solely responsible for directing the Escrow Agent to take out of the Settlement Fund, as and when legally required, any tax payments, including interest and penalties due on income earned by the Settlement Fund ("Tax Expenses"). Plaintiffs' Counsel shall be entitled to direct the Escrow Agent in writing to pay customary and reasonable Tax Expenses, including reasonable professional fees and expenses incurred in connection with carrying out their responsibilities as set forth in this paragraph, from the applicable Settlement Fund by notifying the Escrow Agent in writing. CACI shall have no responsibility to make any tax filings or tax payments relating to this Settlement Agreement or the Settlement Fund.

48. ***Settlement Administrator is IRS Administrator.*** For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "Administrator" of the Escrow Account shall be the Settlement Administrator, who shall timely and properly file or cause to be filed on a timely basis, all tax returns necessary or advisable with respect to the Escrow Account (including without limitation all income tax returns, all informational returns, and all returns described in Treas. Reg. § 1.468B-2(1)).

49. ***Treatment of Escrow Account.*** The parties to the Settlement Agreement and their counsel shall treat, and shall cause the Settlement Administrator to treat, the Escrow Account as being at all times a "qualified settlement fund" ("QSF") within the meaning of Treas. Reg.§ 1.468B-1. The Settlement Fund will be invested in instruments secured by the full faith and credit of the United States or an interest bearing or non-interest bearing deposit obligation of Citibank, N.A. insured by the Federal Deposit Insurance Corporation ("FDIC") to the applicable limits and any interest earned (or negative interest) thereon shall become part of (or paid from) the Settlement Fund. CACI shall be the "transferor" to the QSF within the meaning of Section 1.468B-1(d)(1) of the Treasury Regulations with respect to the Settlement Fund or any other amount transferred to the QSF pursuant to this Settlement Agreement. The Settlement Administrator shall be the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(l)(2) of the Treasury Regulations or any other applicable law on or with respect to the QSF. CACI and the Settlement Administrator shall reasonably cooperate in providing any statements or making any elections or filings necessary or required by applicable law for satisfying the requirements for qualification as a QSF, including any relation-back election within the meaning of Section 1.468B-1(j) of the Treasury Regulations.

50. ***Treatment of Escrow Account as QSF.*** The parties, their counsel, the Settlement Administrator, and the Escrow Agent agree that they will not ask the Court to

take any action inconsistent with the treatment of the Escrow Account as a QSF. In addition, the Settlement Administrator and, as required, the parties shall timely make such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-l(i)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Settlement Administrator timely and properly to prepare and deliver the necessary documentation for signature by all necessary parties and thereafter to cause the appropriate filing to occur. All provisions of this Settlement Agreement shall be interpreted in a manner that is consistent with the Escrow Account being a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.

51. *Settlement Fund Interest.* Interest earned by the Settlement Fund (less any tax imposed upon such interest) shall be for the benefit of the Class, less reasonable attorneys' fees and expenses approved by the Court (and any interest awarded thereon), any Court-approved awards to Plaintiffs, and payment of any and all administrative expenses associated with the Action or the Settlement.

52. *Tax Withholding and Reporting.* Payments to Plaintiffs and other Class Members from the Escrow Account will be subject to applicable tax withholding and reporting requirements and shall be made net of all applicable employment taxes, including, without limitation, federal, state, and local income tax withholding and applicable FICA and Medicare taxes.

53. *Employment Taxes and Withholding.* The Settlement Administrator, as administrator of the QSF, shall report that portion of the Settlement Fund as payable as

wages by the QSF to each eligible Class Member and to the United States Internal

Revenue Service ("IRS") and to other appropriate taxing authorities (each of the IRS and

any such other taxing authority, a "Taxing Authority," and collectively, "Taxing

Authorities") on an IRS Form W-2, or any other applicable form. Such amounts shall be

subject to applicable employment taxes and withholding taxes, including, without

limitation, FICA, FUTA, Medicare, and any state and local taxes, including without

limitation, SUTA, as determined by the Settlement Administrator as administrator of the

QSF making such payments.

54. ***Payment of Taxes.*** The Settlement Administrator shall pay from the QSF the

employee's and employer's shares of all applicable U.S. federal, state, and local taxes,

including, without limitation, the employer's share of FICA, FUTA, Medicare, and any

state and local taxes, including without, limitation, SUTA, required to be paid by an

employee or employer on amounts treated as wages (all such U.S. federal, state, and

local taxes, collectively the "Payroll Taxes"). Plaintiffs, Class Counsel, Class Members,

and the Settlement Administrator shall not seek payment for payroll taxes from CACI.

55. ***Reporting if Treated as Other than Wages.*** If any portion of the Settlement

Fund payable by the QSF to each eligible Class Member is determined to be treated as

other than wages, the Settlement Administrator, as administrator of the QSF, shall report

that portion to the Class Member, and all applicable Taxing Authorities, to the extent

required by law, under the Class Member's name and U.S. federal taxpayer

identification number on IRS Forms 1099, 1042-S, or other applicable forms, and such

payments shall be made without deduction for taxes and withholdings, except as

required by law, as determined by the Settlement Administrator, as administrator of the QSF making such payments.

56. *Satisfaction of Taxes and Reporting.* The Settlement Administrator shall be responsible to satisfy from the Settlement Fund any and all federal, state, and local employment and withholding taxes, including, without limitation, federal, state and local income tax withholding, and any U.S. federal taxes including, without limitation, FICA, FUTA, and Medicare and any state employment taxes including, without limitation, SUTA. The Settlement Administrator shall promptly provide to CACI the information and documentation (including copies of applicable IRS and state forms) reasonably requested by CACI with respect to the payment or remittance of such employment and withholding taxes. The Settlement Administrator shall satisfy all federal, state, local, and other reporting requirements (including, without limitation, any applicable reporting with respect to attorneys' fees and other costs subject to reporting), and any and all taxes, together with interest and penalties imposed thereon, and other obligations with respect to the payments or distributions from the Settlement Fund not otherwise addressed herein.

57. *Tax Forms.* The Settlement Administrator shall be responsible for procuring any required tax forms from Class Members prior to making any such payments or distributions.

58. *Express Statement of No Liability for Tax Obligations.* For avoidance of doubt, CACI, CACI's Counsel, Plaintiffs, and Class Counsel shall have no liability, obligation or responsibility whatsoever for tax obligations arising from payments to any Class Member, or based on the activities and income of the QSF. In addition, CACI shall

have no liability, obligation or responsibility whatsoever for tax obligations arising from payments to Plaintiffs or Class Counsel. The QSF shall be solely responsible for its tax obligations. Each Class Member shall be solely responsible for his/her tax obligations. Class Counsel shall be solely responsible for their own tax obligations.

59. *No Tax Advice or Representations.* The Plaintiffs, individually and on behalf of the Class, and Class Counsel and each of them represent and agree that they have not received and/or relied upon any advice and/or representations from CACI or CACI's Counsel as to taxes, including the taxability of the payments received pursuant to this Agreement. Class Counsel represent that neither Plaintiffs nor Class Counsel provided any advice as to the taxability of payments received pursuant to this Agreement.

## Cooperation

57. *Document Authentication.* Upon request with reasonable advance notice, CACI shall provide a declaration or declarations authenticating any CACI-produced document designated by Named Plaintiffs as a trial exhibit or an attachment to a court filing in the Litigation, including certifying that documents are records of regularly conducted business activities under Federal Rule of Evidence 803(6) if applicable. Any cooperation is subject to the discovery scope and limits of Federal Rule of Civil Procedure 26(c), the Stipulated Order Regarding Discovery of Electronically Stored Information (Dkt No. 69), and the Stipulated Protective Order (Dkt. No. 38) in the Litigation.

## Miscellaneous

58. *No Effect on Other Defendants.* This Settlement Agreement does not settle or compromise any claim by Plaintiffs or any Settlement Class Member asserted in the Action against the Non-Settling Defendants or any potential defendant other than the

Released Parties. All rights of any Settlement Class Member against the Non-Settling Defendants or any other person or entity other than the Released Parties are specifically reserved by Plaintiffs and the Settlement Class Members.

59. ***Basis for Plaintiffs' Agreement to Settle.*** Plaintiffs expressly warrant that, in entering into the Settlement, they have relied solely upon their own knowledge and investigation, and not upon any promise, representation, warranty, or other statement by CACI not expressly contained in this Settlement Agreement.

60. ***Objections.*** The agreed-upon procedures and requirements regarding Class members' rights and options, including filing objections in connection with and/or appearing at the final approval hearing, are intended to ensure the efficient administration of justice and the orderly presentation of any Class members' objections to the Settlement Agreement, in accordance with such Class member's due process rights. The Settling Parties will request that the Order granting the Preliminary Approval Motion further provide that objectors who fail to properly or timely file their objections, along with the required information and documentation set forth above, or to serve them as provided above, shall not be heard during the Final Approval Hearing, nor shall their objections be considered by the Court.

61. ***Headings.*** The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

62. ***No Party Deemed to Be the Drafter.*** None of the parties hereto shall be deemed to be the drafter of this Settlement Agreement or any provision hereof for the

purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

63. ***Entire Agreement.*** This Settlement Agreement constitutes the entire completed agreement among Plaintiffs and CACI pertaining to the settlement of the Action against CACI. This Settlement Agreement may be modified or amended only by a writing executed by Class Counsel and CACI.

64. ***Determination of Illegal, Invalid, or Unenforceable Provision.*** With the exception of Paragraphs 15 to 21 of this Settlement Agreement, if any one or more of the provisions of this Settlement Agreement shall for any reason be held to be illegal, invalid or unenforceable in any respect, such illegality, invalidity or unenforceability shall not affect any other provision if CACI's counsel and Class Counsel mutually agree to proceed as if such illegal, invalid, or unenforceable provision had never been included in the Settlement Agreement. If any portion or all of Paragraphs 15 to 21 of this Settlement Agreement shall for any reason be held to be illegal, invalid or unenforceable in any respect, Plaintiffs and CACI shall each, in their sole discretion, have the option to rescind this Settlement Agreement in its entirety by providing written notice to the undersigned counsel, by personal delivery, facsimile, email, or by overnight courier within ten (10) business days of such holding.

65. ***Retention of Rights.*** CACI retains its rights under the current protective order to seek to maintain the confidentiality of any CACI documents so designated, including at trial and with respect to any appeals in the Action.

66. ***Choice of Law.*** All terms of this Settlement Agreement shall be governed and interpreted according to the substantive laws of the State of Ohio without regard to its choice of law or conflict of laws principles.

67. ***Consent to Jurisdiction.*** The Court retains exclusive jurisdiction over all matters relating to the implementation, enforcement, and performance of the Settlement Agreement. The Settling Parties hereby irrevocably submit to the exclusive and continuing jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or related to this Settlement Agreement or the applicability or interpretation of this Settlement Agreement, including without limitation any suit, action, proceeding, or dispute relating to the Released Claims and Paragraphs 15 to 21 of this Settlement Agreement.

68. ***Execution in Counterparts.*** This Settlement Agreement may be executed in counterparts by counsel for Plaintiffs and CACI, and a PDF signature shall be deemed an original signature for purposes of executing this Settlement Agreement and so executed shall constitute one agreement.

69. ***Binding Effect.*** This Settlement Agreement shall be binding upon, and inure to the benefit or, the successors and assigns of the parties hereto. Without limiting the generality of the foregoing, each and every covenant and agreement herein by Plaintiffs and Class Counsel shall be binding upon all Class members and all Released Parties.

70. ***Timeframe.*** To the extent that any timeframe set out in this Settlement Agreement is ambiguous, said ambiguity shall be resolved by applying the convention contained in Rule 6 of the Federal Rules of Civil Procedure.

71. *Authorization to Enter Settlement Agreement.* Each of the undersigned attorneys represents that he or she is fully authorized to conduct settlement negotiations and to enter into the terms and conditions of, and to execute, this Settlement Agreement on behalf of his or her respective clients, subject to Court approval.

72. *Confidentiality of Settlement Negotiations*. Class Counsel shall keep strictly confidential and not disclose to any third party, including specifically any counsel representing any other current or former party to the Action, any non-public information regarding the Settling Parties' negotiation of the Settlement or the Settlement Agreement, except that the Settling Parties may file under seal any documents concerning this Settlement or the negotiation of the Settlement Agreement in connection with a motion or proceeding to enforce or contest the terms of this Settlement Agreement. Information contained within this Settlement Agreement shall be considered public, and CACI may issue a press release regarding execution of the Settlement Agreement and the amount paid in connection with the Settlement Agreement.

73. *Notices.* Any notice or other communication required or permitted to be delivered to any party under this Settlement Agreement shall be in writing and shall be deemed properly delivered, given, and received when delivered either by hand, by registered mail, by courier or express delivery service, by electronic mail, or by facsimile to the address, electronic mail address, or facsimile telephone number set forth beneath the name of such party below (or to such other address, electronic mail address, facsimile number, or telephone number as such party shall have specified in a written notice given to the other parties):

If to Class Counsel:          Joseph R. Saveri
                              Joseph Saveri Law Firm, LLP
                              601 California Street, Suite 1000
                              San Francisco, CA 94108
                              tel. 415-500 6800
                              fax. 415-395-9940
                              jsaveri@saverilawfirm.com

If to Counsel for CACI:       Joseph C. Weinstein
                              Squire Patton Boggs (US) LLP
                              4900 Key Tower, 127 Public Square
                              Cleveland, OH 44114-1304
                              tel. 216-479 8500
                              fax. 216-479-8780
                              joe.weinstein@squirepb.com


**IN WITNESS WHEREOF**, the parties hereto, through their fully authorized

representatives, have agreed to this Settlement Agreement as of the date first herein written

above.


By: _____          By: _____

Joseph R. Saveri                       Joseph C. Weinstein
Joseph Saveri Law Firm, LLP            Squire Patton Boggs (US) LLP
601 California Street, Suite 1000      4900 Key Tower, 127 Public Square
San Francisco, CA 94108                Cleveland, OH 44114-1304

**Class Counsel for Plaintiffs**      **Counsel for CACI International, Inc. and
                                       CACI Technologies, LLC (separately
                                       and as successor to CACI Technologies,
                                       Inc.)**

If to Class Counsel:        Joseph R. Saveri
Joseph Saveri Law Firm, LLP
601 California Street, Suite 1000
San Francisco, CA 94108
tel. 415-500 6800
fax. 415-395-9940
jsaveri@saverilawfirm.com

If to Counsel for CACI:     Joseph C. Weinstein
Squire Patton Boggs (US) LLP
4900 Key Tower, 127 Public Square
Cleveland, OH 44114-1304
tel. 216-479 8500
fax. 216-479-8780
joe.weinstein@squirepb.com

**IN WITNESS WHEREOF**, the parties hereto, through their fully authorized

representatives, have agreed to this Settlement Agreement as of the date first herein written

above.

By: _____     By: _____

Joseph R. Saveri
Joseph Saveri Law Firm, LLP
601 California Street, Suite 1000
San Francisco, CA 94108

**Class Counsel for Plaintiffs**

Joseph C. Weinstein
Squire Patton Boggs (US) LLP
4900 Key Tower, 127 Public Square
Cleveland, OH 44114-1304

**Counsel for CACI International, Inc. and
CACI Technologies, LLC (separately
and as successor to CACI Technologies,
Inc.)**