**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

SARAH J. HUNTER, AND DAVID N.
YOUTZ, on behalf of themselves and all
others similarly situated,

      Plaintiffs,

          v.

BOOZ ALLEN HAMILTON INC, *et al.*,

      Defendants.

CASE NO. 2:19-cv-00411

Chief Judge Algenon L. Marbley

Magistrate Judge Chelsey M. Vascura

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION**
**SETTLEMENT WITH DEFENDANTS BOOZ ALLEN HAMILTON INC. AND**
**MISSION ESSENTIAL PERSONNEL, LLC**

## <u>TABLE OF CONTENTS</u>

**Page(s)**

MEMORANDUM IN SUPPORT...................................................................................3

    I.     INTRODUCTION ...............................................................................3

The settlement creates an all-cash fund of $1,325,000 (the "Settlement Fund") for the benefit of the Settlement Class. The parties reached this agreement through arm's length negotiations, between experienced and informed counsel after over three years of litigation. The agreement was reached through mediation conducted by James Arnold. The settlement represents an excellent recovery by the Settlement Class and is well within range of possible recoveries to warrant preliminary approval. Defendants have also agreed to pay up to $3,750,000, subject to Court approval, to cover costs incurred by Plaintiffs, incentive awards to the Class Representatives, and attorney's fees. Plaintiffs request that the Court: (1) grant preliminary approval of the Settlement Agreement; (2) certify the Settlement Class; (3) approve the proposed plan of notice to the Settlement Class; (4) set a schedule for disseminating notice to Settlement Class Members, and deadlines to comment on or object to the Settlement, as well as the application for payment of attorneys' fees, costs and incentive awards to the named Class representatives; and (5) schedule a hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure to determine whether the proposed Settlement is fair, reasonable and adequate and should be finally approved

    II.     CASE HISTORY ...............................................................................4

          a.     Plaintiffs' Factual Allegations and Claims ................................4

          b.     Procedural History and Negotiations ........................................5

    III.    SUMMARY OF SETTLEMENT TERMS............................................7

          a.     The Settlement Class.................................................................8

          b.     Settlement Fund Amount ..........................................................8

          c.     Distribution of Settlement Fund Amount ..................................9

          d.     Attorneys' Fees and Expenses ..................................................9

          e.     Release of All Claims .............................................................10

    IV.    PRELIMINARY APPROVAL AS REQUIRED BY RULE 23............10

Under Rule 23, a court can grant preliminary approval if it satisfied the proposed settlement is within the range of what ultimately could be considered fair, reasonable, and adequate. *Bowling v. Pfizer*, 144 F. Supp. 3d 945, 952 (S.D. Ohio 2015); Fed. R. Civ. P. 23(e). Once the class has been notified of the settlement and a fairness hearing has been conducted, a court may grant final

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH
DEFENDANTS BOOZ ALLEN HAMILTON INC. AND MISSION ESSENTIAL PERSONNEL, LLC

approval of the settlement. Manual for Complex Litigation (Fourth) § 21.63 (2004) ("Manual"); *Bobbitt v. Acad. of Reporting*, No. 07-10742, 2009 WL 2168833, at *1 (E.D. Mich. Jul. 21, 2009). Here, the settlement is within the range of what could be considered fair, reasonable, and adequate

V.  THE PROPOSED SETTLEMENT SHOULD BE PRELIMINARILY
     APPROVED ........................................................................................ 11

     a.  Preliminary Approval Is Appropriate Because the Settlement Meets
         the Standard for Approval ........................................................................ 11

     i.  The Law Favors Settlements ........................................................... 11

In the Sixth Circuit, settlement of class action lawsuits is favored. *Griffin v. Flagstar Bancorp, Inc.*, No. 2:10-cv-10610, 2013 WL 6511860, at *2 (E.D. Mich. Dec. 12, 2013) (citing *UAW v. Gen. Motors. Corp.*, 497 F.3d 615, 632 (6th Cir. 2007); *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 593 (E.D. Mich. 2006).

ii.  The Proposed Settlement is Fair, Reasonable, and Adequate
      and Falls within the Range of Possible Approval ......................... 12

Preliminary approval should be granted when the settlement falls within the range of possible approval and appears to be fair, reasonable and adequate. Manual § 30.41; *Int'l Union, UAW v. Ford Motor Co.*, Nos. 05-74730, 06-10331, 2006 WL 1984363, at *4 (E.D. Mich. July 13, 2006); *Clark Equip. Co. v. Int'l Union of Allied Indus. Workers of Am.*, 803 F.2d 878 (6th Cir. 1986); *In re Sulzer Hip Prosthesis & Knee Prosthesis Liab. Litig.*, No. 1:01-cv-9000, 2001 WL 1842315, at *10 (E.D. Ohio Oct. 20, 2001). Courts may consider: (1) the likelihood of success on the merits; (2) the complexity, expense and likely duration of the litigation; (3) the opinions of class counsel and class representatives; (4) the amount of discovery engaged in by the parties; (5) the reaction of absent class members; (6) the risk of fraud or collusion; and (7) the public interest. *In re Packaged Ice Antitrust Litig.*, No. 08-md-01952, 2011 WL 717519, at *8 (E.D. Mich. Aug. 2, 2010). Settlements negotiated at arm's length by class counsel are presumed fair. 4 Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 11.41 (4th ed. 2005); *Rankin v. Rots*, No. 02-cv-71045, 2006 WL 1876538, at *3 (E.D. Mich. June 27, 2006). Here, the settlement is fair, reasonable, and adequate, and satisfies the *Packaged Ice* factors.

iii.  The Settlement Agreement Reaches a Favorable Result for the
       Proposed Settlement Class, Particularly Given the Expense,
       Duration, and Uncertainty of Continued Litigation ...................... 14

This antitrust class action involves complex issues that make the outcome—including on appeal—uncertain, favoring settlement. *In re Packaged Ice Antitrust Litig.*, No. 08-md-01952, 2011 WL 6209188, at *19 (E.D. Mich. Dec. 13, 2011) (quoting *In re Linerboard Antitrust Litig.*, 292 F. Supp.2d 631, 639 (E.D. Penn. 2003)); *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 533 (E.D. Mich. 2003) ("*Cardizem*").

iv.     The Settlement Agreement Resulted From Arm's Length
        Negotiations Conducted By Highly Experienced Counsel............16

Where, as here, the settlement is the result of extended arm's length negotiation by experienced counsel, after in-depth factual investigation and expert analysis, Class Counsel's opinion that the settlement is in the best interest of the proposed Settlement Class "is entitled to significant weight, and supports the fairness of the class settlement." *Sheick v. Auto Component Carrier LCC*, No. 2:09-cv-14429, 2010 WL 4136958, at *18 (E.D. Mich. Oct. 18, 2010) (quoting *IUE-CWA*, 238 F.R.D. at 597); *see also Cardizem*, 218 F.R.D. at 525.

b.      The Requirements for Certification of a Settlement Class Pursuant to
        Rule 23 are Met..........................................................................................18

Courts in the Sixth Circuit regularly preliminarily approve a proposed settlement class before deciding on a motion for class certification. *See, e.g.*, *In re Delphi Corp. Sec. Derivatives & ERISA Litig.*, 248 F.R.D. 483, 486 n. 2 (E.D. Mich. 2008); *Cardizem*, 218 F.R.D. at 516-17, 530. A court may grant certification where, as here, the proposed settlement class satisfies the four prerequisites of Rule 23(a)—numerosity, commonality, typicality and adequacy—as well as one of the three subsections of Rule 23(b). *See In re Auto Parts*, No. 12-md-02311, 2019 WL 11005451, at *9-10 (E.D. Mich. Dec. 29, 2019); *Stinson v. Delta Mgmt. Assocs., Inc.*, 302 F.R.D. 160, 163 (S.D. Ohio 2014). Here, those requirements are met.

i.      Plaintiffs have Shown Numerosity, Commonality, Typicality,
        and Adequacy under Rule 23(a) ......................................................19

        1.      The Proposed Settlement Class Is So Numerous That It
                Is Impractical to Bring All Class Members Before the
                Court ...............................................................................19

"Courts routinely hold that 'a class of 40 or more members is sufficient to meet the numerosity requirement.'" *Raymond v. Avectus Healthcare Solutions*, LLC, No. 1:15-cv-559, 2020 WL 3470461, at *4 (S.D. Ohio Mar. 27, 2020) (quoting *Castillo v. Morales, Inc.*, 302 F.R.D. 480, 487 (S.D. Ohio 2014)). Here, Class Counsel estimates the Class to hold roughly 500 members.

2.      Class Representatives and the Proposed Settlement
        Class Share Common Legal and Factual Questions ..........20

Commonality only requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). A single common question is sufficient to certify a class. *In re Whirlpool Corp.*, 722 F.3d at 853; *Cason-Merenda*, 296 F.R.D. at 536. Plaintiffs' allegations of "a per se violation of the antitrust laws are exactly the kind of allegations which may be proven on a class wide basis through common proof." *In re Se. Milk Antitrust Litig.*, No. 2:09-md-1000, 2010 WL 3521747, at *10 (E.D. Tenn. Sept. 7, 2010). Other common questions include: whether Defendants agreed not to hire or recruit one another's workers; whether the conspiracy restrained competition and suppressed compensation and mobility for the Class; what injunctive relief, if any, is appropriate; and the quantum of damages.

3.       Plaintiff Class Representatives' Claims Are Typical of
the Claims of the Members of the Proposed Settlement
Class ...................................................................................21

"In the antitrust context, typicality is established when the named plaintiffs and all class members allege[] the same antitrust violation by defendants." *Cason- Merenda*, 296 F.R.D. at 537 (quoting *In re Foundry Resins Antitrust Litig.*, 242 F.R.D. at 405); *see also Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000); *In re Am. Med. Sys.*, 75 F.3d at 1082; *Packaged Ice*, 2011 WL 717519, at *6; *Griffin v. Flagstar Bancorp, Inc.*, 2013 WL 6511860, at *6; *Packaged Ice*, 2011 WL 717519, at *6. Here, Plaintiffs and the class allege the same antitrust violation.

4.       Plaintiff Class Representatives are Adequate
Representatives of the Members of the Proposed
Settlement Class ................................................................23

The criteria for determining adequacy of representation are: "'1) [t]he representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel.'" *In re Foundry Resins Antitrust Litig.,* 242 F.R.D. at 407 (quoting *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976)). Here, the named Plaintiffs' claims are the same as those of the Class, and they have retained experienced counsel who have vigorously prosecuted their claims.

ii.       Predominance and Superiority Are Shown Here ..........................24

To qualify for certification under Rule 23(b)(3), a class must demonstrate that common questions predominate over individual questions; and class resolution must be superior to other available methods for the fair and efficient adjudication of the controversy. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) ("*Amchem*"); *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 535 (6th Cir. 2008). Here, both requirements are met

1.       Common Questions of Law and Fact Predominate ...........25

The predominance requirement is met when generalized evidence proves or disproves an element on a simultaneous, class-wide basis. *In re Foundry Resins Antitrust Litig.*, 242 F.R.D. at 408 (quoting *In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 297, 307 (E.D. Mich. 2001)). Common questions need not be dispositive of the litigation. *Id.* (citing *In re Potash Antitrust Litig.*, 159 F.R.D. 682, 693 (D. Minn. 1995)). The existence of individual questions regarding members of the class that remain after the common questions of the defendant's liability have been resolved does not defeat class certification. *Cason-Merenda*, 296 F.R.D. at 535-36 (quoting *Powers v. Hamilton Cnty. Pub. Def. Comm.*, 501 F.3d 595, 619 (6th Cir. 2007)). Rule 23(b)(3) requires a showing that common questions predominate, not that they will be answered, on the merits, in favor of the class." *Amgen*, 133 S. Ct. at 1191. Here, Plaintiffs' allegations of conduct that injured Class members on a classwide basis—for example, the existence and scope of the alleged conspiracy among Defendants and the market and compensation impact of Defendants' agreements—predominate over any individual questions, and therefore class treatment of the claims is appropriate for purposes of this settlement. *Amchem*, 521 U.S. at 625 ("Predominance is a test readily met in certain cases alleging . . . violations of the antitrust laws."); *In re Vitamins*

*Antitrust Litig.*, 209 F.R.D. 251, 254 (D.D.C. 2002); *In re Scrap Metal Antitrust Litig.*, 527 F.3d at 535 (quoting *Amchem*, 521 U.S. at 625). The anticompetitive conduct is not dependent on the separate conduct of the individual members of the proposed Settlement Class. *See Packaged Ice*, 2011 WL 717519, at *7.

2.      Class Action Litigation is the Superior Method By
        Which to Adjudicate Plaintiffs' Claims ............................27

Factors affecting superiority include: the class members' interest in controlling individual actions; the extent and nature of any litigation concerning the controversy already begun by or against class members; the desirability of concentrating the litigation of various claims in the particular forum; and the likely difficulties in managing a class action. *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *4 (N.D. Ohio Mar. 8, 2010). Courts consistently hold that class actions are a superior method of resolving antitrust claims like those alleged here. *See Ganci v. MBF Inspection Servs., Inc*., 323 F.R.D. 249, 263 (S.D. Ohio 2017); *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 219 F.R.D. 661, 678 (D. Kan. 2004). Here, the interests of the members of the proposed Settlement Class in individually controlling the prosecution of separate claims are outweighed by the efficiency of the class mechanism. *Cardizem*, 200 F.R.D. at 325-26. Many workers hired for jobs at JAC Molesworth would have been affected by Defendants' unlawful No-Hire Agreements. Resolving all workers' claims in a single class action would conserve both judicial and private resources and would hasten the class members' recovery. *See, e.g.*, *In re Foundry Resins*, 242 F.R.D. at 411-12.

VI.     THE PROPOSED NOTICE TO THE SETTLEMENT CLASS SHOULD BE
        APPROVED ......................................................................................28

Rule 23(c)(2)(B) requires the Court to "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." "[D]ue process does not require actual notice, but rather a good faith effort to provide actual notice." *Thacker v. Chesapeake Appalachia, L.L.C.*, 259 F.R.D. 262, 271-272 (E.D. Ky. 2009). To comport with the requirements of due process, notice must be "reasonably calculated to reach interested parties." *Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008) (citing *Karkoukli's, Inc. v. Dohany*, 409 F.3d 279, 283 (6th Cir. 2005)). Here, notice of the settlement will be disseminated by direct mail and email. Defendants have agreed to provide last known email and postal addresses for all Settlement Class Members. By using direct mail and email, the proposed plan of notice can be reasonably expected to reach all class members. The long form Notice provides a brief explanation of the case; the terms of the proposed Settlement; the maximum amount Plaintiffs' counsel may seek for reimbursement of litigation costs and expenses; the date, time, and place of the final approval hearing; the opportunity to opt out of the Settlement Class; and the procedures for Settlement Class members to follow in submitting comments on and objections to the Settlement and in arranging to appear at the settlement hearing to state any objections. Plaintiffs also propose a short form notice to be sent by electronic mail that succinctly summarizes the terms of the notice and advises class members of their rights. These notices satisfy Rule 23(c)(2)(B).

VII.    THE FINAL APPROVAL HEARING SHOULD BE SCHEDULED .................29

VIII.   CONCLUSION ..................................................................................................30

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Agretti v. ANR Freight Sys., Inc.*,
  982 F.2d 242 (7th Cir. 1992) ...............................................11

*In re Am. Med. Sys., Inc.*,
  75 F.3d 1069 (6th Cir. 1996) .........................................20, 22

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997)........................................................24, 26

*Amgen Inc. v. Conn. Ret. Plans & Trust Funds*,
  133 S. Ct. 1184 (2013) ...................................................19, 25

*In re Auto Parts*,
  No. 12-md-02311, 2019 WL 11005451 (E.D. Mich. Dec. 29, 2019).....................18

*Beattie v. CenturyTel, Inc.*,
  511 F.3d 554 (6th Cir. 2007) ...............................................24

*Bobbitt v. Acad. of Reporting*,
  No. 07-10742, 2009 WL 2168833 (E.D. Mich. Jul. 21, 2009) ...............................10

*Bowers v. Windstream Ky. East, LLC*,
  No. 3:09-cv-440-H, 2013 WL 5934019 (W.D. Ky. Nov. 1, 2013).........................17

*Bowling v. Pfizer*,
  144 F. Supp. 3d 945 (S.D. Ohio 2015) .............................................3, 10

*In re Broadwing, Inc. ERISA Litig.*,
  252 F.R.D. 369 (S.D. Ohio 2006) ...........................................17

*In re Cardizem CD Antitrust Litig.*,
  200 F.R.D. 297 (E.D. Mich. 2001) ...........................................27

*In re Cardizem CD Antitrust Litig.*,
  218 F.R.D. 508 (E.D. Mich. 2003) ...............................14, 15, 16, 18

*Cason-Merenda v. VHS of Mich., Inc.*,
  296 F.R.D. 528 (E.D. Mich. 2013) .......................................18, 20, 22, 25

*In re Chambers Dev. Sec. Litig.*,
  912 F. Supp. 822 (W.D. Pa. 1995) ...........................................14

*Clark Equip. Co. v. Int'l Union of Allied Indus. Workers of Am.*,
  803 F.2d 878 (6th Cir. 1986) ................................................................12

*In re Corrugated Container Antitrust Litig.*,
  643 F.2d 195 (5th Cir. 1981) ...............................................................23

*Date v. Sony Elecs., Inc.*,
  No. 07-15474, 2013 WL 3945981 (E.D. Mich. July 31, 2013) ...............20

*In re Delphi Corp. Sec. Derivatives & ERISA Litig.*,
  248 F.R.D. 483 (E.D. Mich. 2008) .......................................................18

*Dillworth v. Case Farms Processing, Inc.*,
  No. 5:08-cv-1694, 2010 WL 776933 (N.D. Ohio Mar. 8, 2010)............27

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*,
  No. 02-md-1486, 2006 WL 1530166 (N.D. Cal. June 5, 2006) .............21

*In re Farmers Ins. Exchange, Claims Representatives' Overtime Pay Litig.*,
  481 F.3d 1119 (9th Cir. 2007) ...............................................................15

*Fidel v. Farley*,
  534 F.3d 508 (6th Cir. 2008) ................................................................28

*In re Foundry Resins Antitrust Litig.*,
  242 F.R.D. 393 (S.D. Ohio 2007) ................................................ *passim*

*Ganci v. MBF Inspection Servs., Inc.*,
  323 F.R.D. 249 (S.D. Ohio 2017) .........................................................27

*Golden v. City of Columbus*,
  404 F.3d 950 (6th Cir. 2005) ................................................................19

*Griffin v. Flagstar Bancorp, Inc.*,
  No. 2:10-cv-10610, 2013 WL 6511860 (E.D. Mich. Dec. 12, 2013) .........11, 20, 22

*In re High-Tech Emp. Antitrust Litig.*,
  985 F. Supp. 2d 1167 (N.D. Cal. 2013) ...........................................21, 22, 23, 24

*Int'l Union, UAW v. Ford Motor Co.*,
  Nos. 05-74730, 06-10331, 2006 WL 1984363 (E.D. Mich. July 13, 2006) .....................12, 21

*IUE-CWA v. Gen. Motors Corp.*,
  238 F.R.D. 583 (E.D. Mich. 2006) .......................................................11

*Leonhardt v. ArvinMeritor, Inc.*,
  581 F. Supp. 2d 818 (E.D. Mich. 2008)................................................17

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH
DEFENDANTS BOOZ ALLEN HAMILTON INC. AND MISSION ESSENTIAL PERSONNEL, LLC

*Marcus v. Dep't of Revenue,*
206 F.R.D. 509 (D. Kan. 2002).................................................................................24

*Miller v. Univ. of Cincinnati,*
241 F.R.D. 285 (S.D. Ohio 2006)............................................................................19

*In re Packaged Ice Antitrust Litig.,*
No. 08-md-01952, 2010 WL 3070161 (E.D. Mich. Aug. 2, 2010).........................13

*In re Packaged Ice Antitrust Litig.,*
No. 08-md-01952, 2011 WL 6209188 (E.D. Mich. Dec. 13, 2011).......................14

*In re Packaged Ice Antitrust Litig.,*
No. 08-MD-01952, 2011 WL 717519 (E.D. Mich. Feb. 22, 2011)............... *passim*

*In re Railway Indus. Empl. No-Poach Antitrust Litig.,*
395 F. Supp. 3d 464 (W.D. Penn. 2019)..............................................................22, 23

*Rankin v. Rots,*
No. 02-cv-71045, 2006 WL 1876538, at *3 (E.D. Mich. June 27, 2006) ..............12

*Raymond v. Avectus Healthcare Solutions,*
LLC, No. 1:15-cv-559, 2020 WL 3470461 (S.D. Ohio Mar. 27, 2020)..................19

*In re Rent-Way Sec. Litig.,*
305 F. Supp. 2d 491 (W.D. Pa. 2003).....................................................................15

*Robbins v. Koger Props., Inc.,*
116 F.3d 1441 (11th Cir. 1997) ..............................................................................15

*In re Scrap Metal Antitrust Litig.,*
527 F.3d 517 (6th Cir. 2008) .......................................................................24, 25, 26

*In re Se. Milk Antitrust Litig.,*
No. 2:09-md-1000, 2010 WL 3521747 (E.D. Tenn. Sept. 7, 2010) .......................21

*Sheick v. Auto Component Carrier LCC,*
No. 2:09-cv-14429, 2010 WL 4136958 (E.D. Mich. Oct. 18, 2010).....................16

*Stinson v. Delta Mgmt. Assocs., Inc.,*
302 F.R.D. 160 (S.D. Ohio 2014)...........................................................................18

*Stout v. J.D. Byrider,*
228 F.3d 709 (6th Cir. 2000) ...................................................................................22

*In re Sulzer Hip Prosthesis & Knee Prosthesis Liab. Litig.,*
No. 1:01-cv-9000, 2001 WL 1842315 (E.D. Ohio Oct. 20, 2001) ...................12, 13

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH
DEFENDANTS BOOZ ALLEN HAMILTON INC. AND MISSION ESSENTIAL PERSONNEL, LLC

*Thacker v. Chesapeake Appalachia, L.L.C.*,
259 F.R.D. 262 (E.D. Ky. 2009) .................................................................16, 28

*In re Universal Serv. Fund Tel. Billing Practices Litig.*,
219 F.R.D. 661 (D. Kan. 2004).........................................................................27

*In re Vitamins Antitrust Litig.*,
209 F.R.D. 251 (D.D.C. 2002)...........................................................................26

*Wal-Mart Stores, Inc. v. Dukes*,
131 S. Ct. 2541 (2011) .....................................................................................18

*In re Warfarin Sodium Antitrust Litig.*,
391 F.3d 516 (3d Cir. 2004)..............................................................................15

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
722 F.3d 838 (6th Cir. 2013) ...........................................................19, 20, 25, 26

**Federal Statutes**

Sherman Act, 15 U.S.C. § 1 ......................................................................................5

**Rules**

Fed. R. Civ. P. 23 .....................................................................................10, 18, 19

Fed. R. Civ. P. 23(a) ............................................................................... *passim*

Fed. R. Civ. P. 23(a)(1)............................................................................................19

Fed. R. Civ. P. 23(a)(2)......................................................................................20, 21

Fed. R. Civ. P. 23(a)(3)......................................................................................21, 22

Fed. R. Civ. P. 23(a)(4)............................................................................................23

Fed. R. Civ. P. 23(b)................................................................................................18

Fed. R. Civ. P. 23(b)(3)...............................................................................24, 25, 26, 27

Fed. R. Civ. P. 23(c)(2)(B) .....................................................................................28

Fed. R. Civ. P. 23(e) ...............................................................................1, 4, 10, 28

Fed. R. Civ. P. 23(e)(1)............................................................................................28

ix        CASE NO. 2:19-cv-00411

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH
DEFENDANTS BOOZ ALLEN HAMILTON INC. AND MISSION ESSENTIAL PERSONNEL, LLC

**Other Authorities**

4 Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 11.41 (4th ed. 2005) ("Newberg") ...................................................................................................12, 16

6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1522 (2d ed. 1990) ...................................................................................................11

Manual for Complex Litigation (Fourth) § 21.63 (2004) ............................................................10

Manual for Complex Litigation (Fourth) § 13.12 (2004) ............................................................11

Manual for Complex Litigation (Fourth) § 21.62 (2004)).....................................................13, 17

Manual for Complex Litigation (Fourth) § 30.41 (2004) ............................................................12

Manual for Complex Litigation (Second) § 30.46 (1986) ............................................................11

## MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS BOOZ ALLEN HAMILTON INC. AND MISSION ESSENTIAL PERSONNEL, LLC

Plaintiffs move the Court for an Order Granting Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement with Defendants Booz Allen Hamilton Inc. ("Booz Allen") and Mission Essential Personnel, LLC ("ME") (together with Booz Allen, the "Settling Defendants").

Plaintiffs request that the Court: (1) grant preliminary approval of the Settlement Agreement; (2) certify the Settlement Class; (3) approve the proposed plan of notice to the Settlement Class; (4) set a schedule for disseminating notice to Settlement Class Members, and deadlines to comment on or object to the Settlement, as well as the application for payment of attorneys' fees, costs and incentive awards to the named Class representatives; and (5) schedule a hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure to determine whether the proposed Settlement is fair, reasonable, and adequate and should be finally approved.

The Memorandum in Support attached hereto, and the Declaration of Joseph R. Saveri in support of Motion for Preliminary Approval of Class Action Settlement with Defendants Booz Allen Hamilton Inc. and Mission Essential Personnel, LLC, and the [Proposed] Order Granting Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Defendants Booz Allen Hamilton Inc. and Mission Essential Personnel, LLC are incorporated by reference.

Dated: September 6, 2022                        Respectfully Submitted,

                                                  */s/ Shawn K. Judge*_____
                                                    Shawn K. Judge (0069493), Trial Attorney*
skj@classlawgroup.com
Mark H. Troutman (0076390)*
mht@classlawgroup.com
GIBBS LAW GROUP LLP
1111 Broadway, Suite 2100
Oakland, California 94607*
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
*both working from Ohio offices

Joseph R. Saveri *(Pro Hac Vice)*
jsaveri@saverilawfirm.com
Steven N. Williams *(Pro Hac Vice)*
swilliams@saverilawfirm.com
Kevin E. Rayhill *(Pro Hac Vice)*
krayhill@saverilawfirm.com
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940

***Attorneys for Plaintiffs***
***Sarah J. Hunter and David N. Youtz***

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH
DEFENDANTS BOOZ ALLEN HAMILTON INC. AND MISSION ESSENTIAL PERSONNEL, LLC

## MEMORANDUM IN SUPPORT

### I. INTRODUCTION

Plaintiffs Sarah J. Hunter and David N. Youtz ("Plaintiffs"), individually and as representatives of a proposed Settlement Class (the "Settlement Class"), submit this memorandum in support of their motion for preliminary approval of the proposed settlement agreement (the "Settlement Agreement") between Plaintiffs and Defendants Booz Allen Hamilton Inc. ("Booz Allen") and Mission Essential Personnel, LLC ("ME") (together with Booz Allen, the "Settling Defendants").

The settlement creates an all-cash fund of $1,325,000 (the "Settlement Fund") for the benefit of the Settlement Class. The parties reached this agreement through arm's length negotiations between experienced and informed counsel after over three years of litigation. The agreement was reached through mediation conducted by James Arnold. The settlement represents an excellent recovery by the Settlement Class and is well within the range of possible recoveries to warrant preliminary approval. Defendants have also agreed to pay up to $3,750,000, subject to Court approval, to cover costs incurred by Plaintiffs, incentive awards to the Class Representatives, and attorney's fees. .

At this juncture, in considering whether to grant preliminary approval of a proposed settlement, the Court need determine only whether the settlement is within the range of possible approval. *See e.g.*, *Bowling v. Pfizer*, 144 F. Supp. 3d 945, 952 (S.D. Ohio 2015) (citing *In re Southern Ohio Correctional Facility*, 173 F.R.D. 205, 211 (S.D. Ohio 1997)). A final determination of whether the settlement is sufficiently fair, reasonable, and adequate will be made at or after the Fairness Hearing, after notice of the settlement has been mailed and

published, and Settlement Class Members have been given the opportunity to object to the settlement or opt out of the class.

Plaintiffs request that the Court: (1) grant preliminary approval of the Settlement Agreement; (2) certify the Settlement Class; (3) approve the proposed plan of notice to the Settlement Class; (4) set a schedule for disseminating notice to Settlement Class Members, and deadlines to comment on or object to the Settlement, as well as the application for payment of attorneys' fees, costs and incentive awards to the named Class representatives; and (5) schedule a hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure to determine whether the proposed Settlement is fair, reasonable and adequate and should be finally approved and whether the application for payment of attorneys' fees, costs and incentive awards to the named Class representatives should be granted.[1]

## II.     CASE HISTORY

### a.     Plaintiffs' Factual Allegations and Claims

The United States Department of Defense contracts out much of the work traditionally thought of as military work to the private, for-profit defense contracting industry. Defendants in this action are among the largest defense contractors in the United States.

Plaintiffs allege that Booz Allen and ME, together with CACI International, Inc. and CACI Technologies, LLC (together, "CACI," and collectively with Booz Allen and ME,

---

[1] Plaintiffs request that the approval process with respect to the instant settlement with Booz Allen and ME proceed simultaneously with the prior proposed settlement with CACI. *See* Plaintiffs' Motion for Preliminary Approval of Class Action Settlement with Defendant CACI International, Inc. and CACI Technologies, LLC, ECF No. 170 ("CACI Settlement Motion"). Plaintiffs propose that dissemination of the notices of the respective proposed settlements proceed simultaneously, including the mailing of notices of the respective settlements to each class member. As set forth further below, the settlement approval for the respective settlements would proceed on the same schedule. Together, if approved, the settlements would resolve this matter completely and finally.

"Defendants"),[2] entered into agreements ("No-Hire Agreements") beginning in approximately July 2017 not to hire, recruit, or solicit one another's employees working under various contracts with the United States government at a former British Royal Air Force base referred to as JAC Molesworth. Plaintiffs allege that the No-Hire Agreements fixed and suppressed compensation for Plaintiffs and the Class and imposed unlawful restrictions on employee mobility. Plaintiffs allege the No-Hire Agreements are unlawful horizontal agreements to allocate the market for skilled professionals at JAC Molesworth, a *per se* violation of the Sherman Act, 15 U.S.C. § 1.

### b. Procedural History and Negotiations

This action was initiated by class representative Sarah Hunter on February 7, 2019, alleging Defendants entered into No-Hire Agreements with one another in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. Complaint, ECF No. 1; *see also* Declaration of Joseph R. Saveri in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Saveri Decl."), ¶¶ 3, 4. On May 3, 2019, Plaintiffs filed a First Amended Complaint ("FAC") adding Plaintiff David Youtz. ECF No. 28; *see also* Saveri Decl. ¶ 4. Defendants filed a motion to dismiss the FAC on May 16, 2019 (Motion to Dismiss, ECF No. 30), which the Court subsequently denied on November 12, 2019. Opinion and Order, ECF No. 49; *see also* Saveri Decl. ¶¶ 6, 7.

On December 24, 2020, Plaintiffs filed a motion for class certification under seal, arguing that evidence common to the proposed class showed that Defendants, through their No-Hire Agreements, suppressed compensation for their employees. Pls.' Mtn. to Certify Class, ECF No. 154 at PageID 8698 (redacted public filing); *see also* Saveri Decl. ¶ 8. Defendants filed under

---

[2] CACI has previously executed a settlement agreement with Plaintiffs, currently pending with the Court. *See* CACI Settlement Motion, ECF No.170.

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH
DEFENDANTS BOOZ ALLEN HAMILTON INC. AND MISSION ESSENTIAL PERSONNEL, LLC

seal an opposition to the class certification motion on March 12, 2021 (Def.'s Opposition, ECF No. 155), and Plaintiffs filed under seal a reply in support of their motion on May 4, 2021. Pls.' Reply Memorandum, ECF No. 157; *see also* Saveri Decl. ¶ 8.

Plaintiffs and Defendants engaged in extensive fact discovery until February 15, 2021. Saveri Decl., ¶ 9. The parties also engaged in extensive expert discovery until August 27, 2021. Saveri Decl., ¶ 9.

On April 29, 2021, Plaintiffs and Defendants participated in Court-facilitated mediation conducted by John Camillus, during which Plaintiffs reached a settlement agreement in principle with CACI. Saveri Decl., ¶ 10.

On June 8, 2021, Plaintiffs and CACI executed an agreement resolving all of the claims of Plaintiffs and the Settlement Class against CACI. Saveri Decl., ¶ 10. Plaintiffs agreed to release all their claims against CACI in exchange for $200,000. *Id.* Plaintiffs filed a motion for preliminary approval of that settlement on September 17, 2021. ECF No. 170.

On September 22, 2021, Plaintiffs filed a Motion for Summary Judgment on the issues of the anticompetitive effects of, and lack of legitimate procompetitive justifications for, Defendants' alleged No-Hire Agreements. ECF No. 177; *see also* Saveri Decl., ¶ 11. Plaintiffs also filed a motion to exclude the opinions and testimony of Defendants' expert Christopher Yukins. ECF No. 173; *see also* Saveri Decl., ¶ 12. Both motions are fully briefed.

Also on September 22, 2021, Defendants filed a Motion for Summary Judgment[3] asserting that the rule of reason should apply and that the record did not support Plaintiffs'

---

[3] Defendants' Motion for Summary Judgment was originally filed by the Settling Defendants. On October 19, 2021, CACI filed an unopposed Motion to Join the motion. ECF No. 185. On November 22, 2021, CACI filed a Joinder to the Settling Defendants' Opposition to Plaintiffs' Motion for Summary Judgment. ECF No. 202.

market definitions or allegations of anticompetitive harm. ECF No. 175; *see also* Saveri Decl., ¶ 13. Defendants also filed motions to exclude the opinions and testimony of Plaintiffs' experts Phillip Johnson, Ph.D. and Ted Tatos. ECF Nos. 174, 172, respectively; *see also* Saveri Decl., ¶ 14. All three motions are fully briefed.

On October 22, 2021, the Court conducted a day-long hearing on the Motion for Certification. At the hearing, the court heard arguments from counsel. The parties also presented live testimony from their respective experts, Dr. Phil Johnson and Professor Justin McCrary. Each provided direct testimony and was cross-examined. *See* Transcript, ECF No. 187; *see also* Saveri Decl., ¶ 15.

On April 20, 2022, Plaintiffs and the Settling Defendants participated in private mediation by James Arnold, during which the parties reached a settlement agreement in principle. Saveri Decl., ¶ 16.

On September 2, 2022 the parties executed an agreement resolving all of Plaintiffs' claims against the Settling Defendants. Saveri Decl., ¶ 17. As described further in Section III, *infra*, Plaintiffs agree to release all of their claims against the Settling Defendants in exchange for a payment to the Class of $1,325,000. Defendants have also agreed to pay up to $3,750,000, subject to Court approval, to cover costs incurred by Plaintiffs, incentive awards to the Class Representatives, and attorney's fees. *Id.*

## III.   SUMMARY OF SETTLEMENT TERMS

The Settlement Agreement, which arises from extensive arm's length and good faith negotiations, resolves all claims of Plaintiffs and the Settlement Class against the Settling Defendants. The details of the Settlement are contained in the Settlement Agreement attached as Exhibit A to the Saveri Declaration. A summary is provided below.

### a. The Settlement Class

The Settlement Agreement defines the "Settlement Class" as follows:

> All natural persons employed by Defendants at JAC Molesworth during the Class Period from January 1, 2015 through June 30, 2022.
>
> Excluded from the Class are: corporate officers, members of the boards of directors, and senior leaders of Defendants; employees of the United States government employed at JAC Molesworth during the Class Period; and any and all judges and justices, and chambers' staff, assigned to hear or adjudicate any aspect of this litigation.

*See* Saveri Decl., Ex. A, Settlement Agreement, Definition x. This class definition comports with that set forth in the operative complaint, with one difference: this definition sets a June 30, 2022 end date, whereas the alleged class in the complaint extended "through the present." *See* FAC ¶ 45.[4]

### b. Settlement Fund Amount

The Settling Defendants have agreed to pay $1,325,000 (the "Settlement Fund Amount") to the Class in exchange for Settlement Class Members releasing all claims arising from or relating to any alleged condition on competition for employment or employment mobility by Defendants as alleged in the Complaint. Saveri Decl., Ex. A, Settlement Agreement, Definition w; ¶ 12. The funds will be paid into an escrow account ("Escrow Account") established at Citibank, N.A. within thirty (30) business days of the Effective Date of the Settlement Agreement. *Id.* ¶ 19.

---

[4] The members of the class are current and former employees of Defendants Booz Allen, Mission Essential and CACI employed in connection with the provision of services to the Department of Defense. *See* FAC ¶ 18. As required by applicable law and regulations, all such employees—and therefore members of the Class—are United States citizens. *See id.* ¶¶ 16, 17.

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH
DEFENDANTS BOOZ ALLEN HAMILTON INC. AND MISSION ESSENTIAL PERSONNEL, LLC

### c. Distribution of Settlement Fund Amount

The entire Settlement Fund Amount of $1,325,000 (plus interest, if any) will be distributed to the Class. Each Settlement Class Member will receive a share of the Settlement Fund calculated by dividing his or her estimated total salary during the Class Period (the numerator) by the combined estimated total salaries paid to all Settlement Class Members during the Class period (the denominator) and multiplying the resulting fraction by the Settlement Fund Amount of $1,325,000 (plus interest, if any). *See* Saveri Decl., Ex. B, Plan of Allocation. In other words, each Settlement Class Member's share of the Settlement Fund Amount will be directly proportional to his or her share of total compensation paid to all Settlement Class Members at JAC Molesworth during the Class Period.

In no event are any fees or costs to be deducted from the Settlement Fund Amount or the payments to Settlement Class Members from the Settlement Fund Amount. In the event that there are funds remaining after distribution for Settlement Class Members, Class Counsel shall move the Court for an order disposing of all such funds, including additional possible distributions to the Settlement Class and/or *cy pres* distribution as approved by the Court. No portion of or amount from the Settlement Fund Amount shall revert to the Settling Defendants.

### d. Attorneys' Fees and Expenses

The Settlement Agreement provides that Plaintiffs' counsel may seek attorneys' fees, reimbursement of costs and expenses, and incentive awards for the Class Representatives in a separate motion to the Court at the time of filing the Preliminary Approval Motion or at the time notice is disseminated to the Class. *Id*. ¶¶ 28, 31. Settling Defendants have agreed to provide up

to $3,750,000 (the "Fee and Cost Amount) to cover Court-ordered fees and costs.[5] To date, Class Counsel have incurred approximately $2,250,000 in expenses, primarily for expert witnesses, and expect to incur additional expenses of approximately $60,000 associated with notice and administration of the settlement. Class Counsel will seek incentive awards for the Class Representatives totaling $20,000. Class Counsel will also ask the Court for approximately $1,620,000 for attorney's fees. Saveri Decl., ¶ 29. To date, Class Counsel have reported approximately $6,400,000 in attorneys' fees incurred. Class Counsel have not received any payment or reimbursement for attorneys' fees or costs in this matter.

**e. Release of All Claims**

In exchange for the Settling Defendants' monetary consideration, upon entry of a final judgment approving the proposed Settlement, Plaintiffs and all members of the Settlement Class who do not exclude themselves from this Settlement Agreement will release the Settling Defendants of all claims related to any of the alleged conduct giving rise to this litigation. Saveri Decl., Ex. A, Settlement Agreement, ¶ 12.

## IV. PRELIMINARY APPROVAL AS REQUIRED BY RULE 23

Under Rule 23, if the Court is satisfied that the proposed settlement is "within the range of what ultimately could be considered fair, reasonable, and adequate," it can grant preliminary approval to the settlement and provisionally certify a settlement class. *Bowling v. Pfizer*, 144 F. Supp. 3d 945, 952 (S.D. Ohio 2015); Fed. R. Civ. P. 23(e). After notice of the settlement is provided to the Settlement Class and the Court conducts a fairness hearing, the court may grant final approval of the settlement. *See* Manual for Complex Litigation (Fourth)

---

[5] As described above, in June 2021, Defendant CACI agreed to settle claims against it for $200,000, which, if approved by the Court, is to be used to help defray costs incurred by Class Counsel in prosecuting this action. *See* CACI Settlement Motion, ECF No. 170.

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH
DEFENDANTS BOOZ ALLEN HAMILTON INC. AND MISSION ESSENTIAL PERSONNEL, LLC

§ 21.63 (2004) ("Manual"); *see also Bobbitt v. Acad. of Reporting*, No. 07-10742, 2009 WL 2168833, at *1 (E.D. Mich. Jul. 21, 2009) (citing authorities).

## V. THE PROPOSED SETTLEMENT SHOULD BE PRELIMINARILY APPROVED

### a. Preliminary Approval Is Appropriate Because the Settlement Meets the Standard for Approval

#### i. The Law Favors Settlements

It is well-established in the Sixth Circuit that the law favors settlement of class action lawsuits. *See Griffin v. Flagstar Bancorp, Inc.*, No. 2:10-cv-10610, 2013 WL 6511860, at *2 (E.D. Mich. Dec. 12, 2013) (citing *UAW v. Gen. Motors. Corp.*, 497 F.3d 615, 632 (6th Cir. 2007) (noting "the federal policy favoring settlement of class actions")); *see also IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 593 (E.D. Mich. 2006). This applies with equal force to partial settlements. "This policy applies with equal force whether the settlement is partial, involving only some of the defendants, or complete." *In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 717519 at *7 (E.D. Mich. Feb. 22, 2011); *see also Agretti v. ANR Freight Sys., Inc.*, 982 F.2d 242, 247 (7th Cir. 1992) ("In complex litigation with a plaintiff class, 'partial settlements often play a vital role in resolving class actions'") (quoting Manual for Complex Litigation (Second) § 30.46 (1986)). In fact, "settlement should be facilitated at as early a stage of the litigation as possible." 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1522, at 225-26 (2d ed. 1990) (citing 1983 Advisory Committee Notes); *see also* Manual for Complex Litigation (Fourth) § 13.12 (2004) ("Manual") ("[S]ettlement should be explored early in the case").

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS BOOZ ALLEN HAMILTON INC. AND MISSION ESSENTIAL PERSONNEL, LLC

ii.    The Proposed Settlement is Fair, Reasonable, and Adequate and Falls within the Range of Possible Approval

Preliminary approval of a proposed settlement should be granted where "the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies. . . and [the settlement] appears to fall within the range of possible approval." Manual § 30.41; *see also Int'l Union, UAW v. Ford Motor Co.*, Nos. 05-74730, 06-10331, 2006 WL 1984363, at *4 (E.D. Mich. July 13, 2006). The district court's role in reviewing settlements "must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Clark Equip. Co. v. Int'l Union of Allied Indus. Workers of Am.*, 803 F.2d 878 (6th Cir. 1986). Courts apply "an initial presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval." 4 Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 11.41 (4th ed. 2005) ("Newberg"); *cf. Rankin v. Rots*, No. 02-cv-71045, 2006 WL 1876538, at *3 (E.D. Mich. June 27, 2006) ("[T]he only question. . . is whether the settlement, taken as a whole, is so unfair on its face as to preclude judicial approval.") (internal quotation marks omitted).

When considering whether to grant preliminary approval, the Court is not required at this point to make a final determination on the adequacy of the settlement or to delve extensively into the merits of the settlement. *See In re Sulzer Hip Prosthesis & Knee Prosthesis Liab. Litig.*, No. 1:01-cv-9000, 2001 WL 1842315, at *10 (E.D. Ohio Oct. 20, 2001) ("*Sulzer Hip*"). These inquiries are reserved for the final approval stage of the class settlement approval process. Nor will any class member's substantive rights be prejudiced by preliminary approval because the proposed preliminary approval is solely to provide authority for notifying the class of the terms

of the settlement agreement to set the stage for review of its final approval. *Id.; Newberg* §

11.25. Consequently, courts generally engage only in a limited inquiry to determine whether a

proposed settlement falls within the range of possible approval and thus should be preliminarily

approved. *Sulzer Hip*, 2001 WL 1842315, at *3-4 (preliminary approval may be based on

"informal presentations" because of "substantial judicial processes that remain") (quoting

Manual § 21.62 at p. 460 (2004)). *See also In re Packaged Ice Antitrust Litig*., No. 08-md-01952,

2010 WL 3070161, at *4 (E.D. Mich. Aug. 2, 2010) (quoting *Gautreaux v. Pierce*, 690 F.2d 616,

621 n.3 (7th Cir. 1982) (inquiry limited to settlement's potential for final approval and propriety

of class notice and fairness hearing)).

     In evaluating whether a settlement is fair, reasonable, and adequate, courts in the Sixth

Circuit consider the following factors:

> (1) the likelihood of success on the merits weighed against the amount and form of relief
> in the settlement; (2) the complexity, expense and likely duration of the litigation; (3) the
> opinions of class counsel and class representatives; (4) the amount of discovery engaged
> in by the parties; (5) the reaction of absent class members; (6) the risk of fraud or
> collusion; and (7) the public interest. The Court may choose to consider only those
> factors that are relevant to the settlement at hand and may weigh particular factors
> according to the demands of the case.

*Packaged Ice*, 2011 WL 717519, at *8 (quotation marks and citations omitted). A court is not

required at the preliminary approval stage to determine whether it ultimately will finally approve

the settlement. Nevertheless, as set forth in detail below, preliminary consideration of the factors

a court considers when evaluating the fairness of a settlement for purposes of deciding whether

to grant final approval supports this Court's granting preliminary approval of the Settlement

Agreement.

### iii. The Settlement Agreement Reaches a Favorable Result for the Proposed Settlement Class, Particularly Given the Expense, Duration, and Uncertainty of Continued Litigation

Antitrust class actions are "arguably the most complex action(s) to prosecute. The legal and factual issues involved are always numerous and uncertain in outcome." *In re Packaged Ice Antitrust Litig.*, No. 08-md-01952, 2011 WL 6209188, at *19 (E.D. Mich. Dec. 13, 2011) (quoting *In re Linerboard Antitrust Litig.*, 292 F. Supp.2d 631, 639 (E.D. Penn. 2003)); *see also In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 533 (E.D. Mich. 2003) ("*Cardizem*") ("Moreover, the complexity of this case cannot be overstated. Antitrust class actions are inherently complex.").

Motions between Plaintiffs and the Settling Defendants in this case have already been vigorously contested. Additionally, the Settling Defendants would assert various defenses, and a jury trial might turn on close questions of proof, many of which would be the subject of complicated expert testimony, particularly regarding damages, making the outcome of such trial uncertain for both parties. *See, e.g.*, *Cardizem*, 218 F.R.D. at 523 (in approving settlement, noting that "the prospect of a trial necessarily involves the risk that Plaintiffs would obtain little or no recovery" and that "no matter how confident trial counsel may be, they cannot predict with 100% accuracy a jury's favorable verdict, particularly in complex antitrust litigation"); *Packaged Ice*, 2011 WL 717519, at *10 (noting the "undeniable inherent risks" in antitrust class action litigation including "whether the class will be certified and upheld on appeal, whether the conspiracy as alleged in the Complaint can be established, whether Plaintiffs will be able to demonstrate class wide antitrust impact and ultimately whether Plaintiffs will be able to prove damages"). *Id.* Given this uncertainty, "[a] very large bird in the hand in this litigation is surely

worth more than whatever birds are lurking in the bushes." *In re Chambers Dev. Sec. Litig.*, 912 F. Supp. 822, 838 (W.D. Pa. 1995).

Moreover, given the stakes involved, an appeal is nearly certain to follow regardless of the outcome at trial. This creates additional risk, as judgments following trial may be overturned on appeal. *See, e.g.*, *In re Farmers Ins. Exchange, Claims Representatives' Overtime Pay Litig.*, 481 F.3d 1119 (9th Cir. 2007) ($52.5 million class action judgment following trial reversed on appeal); *Robbins v. Koger Props., Inc.*, 116 F.3d 1441 (11th Cir. 1997) (jury verdict of $81 million for plaintiffs reversed and judgment entered for defendant). And even if class members were willing to assume all of the litigation risks, the passage of time would introduce still more risks in terms of appeals and possible changes in the law that would, in light of the time value of money, make future recoveries less valuable than recovery today. *See In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 536 (3d Cir. 2004) ("[I]t was inevitable that post-trial motions and appeals would not only further prolong the litigation but also reduce the value of any recovery to the class."); *In re Rent-Way Sec. Litig.*, 305 F. Supp. 2d 491, 501 (W.D. Pa. 2003) ("[A] future recovery, even one in excess of the proposed Settlement, may ultimately prove less valuable to the Class than receiving the benefits of the proposed Settlement at this time"). Hence, "the certain and immediate benefits to the Class represented by the Settlement outweigh the possibility of obtaining a better result at trial, particularly when factoring in the additional expense and long delay inherent in prosecuting this complex litigation through trial and appeal." *Cardizem*, 218 F.R.D. at 525.

For these reasons, the proposed Settlement Agreement provides substantial benefits and assurances while also representing a successful result for the members of the proposed Settlement Class. The Settling Defendant's $1,325,000 payment provides for adequate

compensation to the Proposed Class that will be available years earlier than if the litigation

against the Settling Defendants continued through trial and especially appeal.

### iv. The Settlement Agreement Resulted From Arm's Length Negotiations Conducted By Highly Experienced Counsel

This settlement is entitled to "an initial presumption of fairness" because it is the result of

arm's length negotiations among experienced counsel. Newberg, § 11.41. The judgment of

proposed Settlement Class Counsel that the settlement is in the best interest of the proposed

Settlement Class "is entitled to significant weight, and supports the fairness of the class

settlement." *Sheick v. Auto Component Carrier LCC*, No. 2:09-cv-14429, 2010 WL 4136958, at

*18 (E.D. Mich. Oct. 18, 2010) (quoting *IUE-CWA*, 238 F.R.D. at 597); *see also Cardizem*, 218

F.R.D. at 525. Courts give great weight to the recommendation of experienced counsel for the

parties in evaluating the adequacy of a settlement.

"Preliminary approval of a proposed settlement is based upon the court's familiarity with

the issues and evidence, as well as the arms-length nature of the negotiations prior to the

proposed settlement, ensuring that the proposed settlement is not illegal or collusive." *Thacker v.

Chesapeake Appalachia, L.L.C.*, 259 F.R.D. 262 (E.D. Ky. 2009) (quoting *In re Dun &

Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 370 (S.D. Ohio 1990)). The

Settlement Agreement here is the result of lengthy negotiations between counsel experienced in

complex antitrust class action litigation. The Settlement was negotiated during mediation with

Court-appointed and private mediators. Additionally, Plaintiffs' counsel undertook a diligent and

thorough investigation of the legal and factual issues posed by this litigation and consulted with

experienced economists before negotiating this deal.

Plaintiffs' counsel are well-informed about the facts and the strength of the claims

asserted when the terms of the Settlement Agreement were negotiated. Plaintiffs' counsel and

Counsel for the Settling Defendants had engaged in extensive motion practice and substantial discovery including the production and review of more than one million pages of documents and over two dozen depositions. *See* Saveri Decl. ¶ 9. The parties submitted extensive briefs and accompanying expert reports on class certification. *Id.* ¶ 8. *See In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 374 (S.D. Ohio 2006) (granting preliminary approval where, as here, plaintiffs had engaged in extensive document review, written discovery, and depositions, and retained experts to analyze data analysis and produce reports). The parties have also participated in a full day evidentiary class certification hearing. *See* Transcript, ECF No. 187.

The negotiations were adversarial and conducted in the utmost good faith. "Courts presume the absence of fraud or collusion in class action settlements unless there is evidence to the contrary." *Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 838 (E.D. Mich. 2008); *Bowers v. Windstream Ky. East, LLC*, No. 3:09-cv-440-H, 2013 WL 5934019, at *2 (W.D. Ky. Nov. 1, 2013). There is nothing in the course of the negotiations or the substance of the Settlement that discloses grounds to doubt its fairness – "[w]here a class settlement has been reached after meaningful discovery, after arm's length negotiation, conducted by capable counsel, it is presumptively fair." Manual § 21.662 at 464. Significantly, this settlement was reached during a mediation by mediator Jim Arnold. The mediation session lasted the entirety of one day and was followed by numerous one on one negotiations before a final settlement was reached. Moreover, Defendants have expressly retained the right to oppose any motion for attorney's fees and costs by Plaintiffs and the parties have affirmed that there is no "clear sailing" provision. Settlement Agreement, ¶ 28. And Plaintiffs have expressly warranted that they have "relied solely upon their own knowledge and investigation, and not upon any promise,

representation, warranty, or other statement by the Settling Defendants not expressly contained in this Settlement Agreement." *Id*. ¶ 54.

### b. The Requirements for Certification of a Settlement Class Pursuant to Rule 23 are Met

Courts in the Sixth Circuit regularly preliminarily approve a proposed settlement class before deciding on a motion for class certification. *See, e.g.*, *In re Delphi Corp. Sec. Derivatives & ERISA Litig.*, 248 F.R.D. 483, 486 n. 2 (E.D. Mich. 2008) (granting final approval to both ERISA and Securities settlement classes, noting the court's earlier, preliminary approval of the settlement classes granted prior to a hearing on defendants' motions to dismiss); *Cardizem*, 218 F.R.D. at 516-17, 530 (granting final approval of proposed settlement, noting its earlier preliminary approval of both the proposed settlement class and the proposed settlement agreement granted prior to class certification and prior to hearing on motions to dismiss). A court may grant certification where, as here, the proposed settlement class satisfies the four prerequisites of Rule 23(a)—numerosity, commonality, typicality and adequacy—as well as one of the three subsections of Rule 23(b). *See In re Auto Parts*, No. 12-md-02311, 2019 WL 11005451, at *9-10 (E.D. Mich. Dec. 29, 2019); *Stinson v. Delta Mgmt. Assocs., Inc.*, 302 F.R.D. 160, 163 (S.D. Ohio 2014).

While in the context of a litigated class certification motion, a trial court must conduct a "rigorous analysis" to confirm that the requirements of Rule 23 have been met, *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011), even in that context "the requisite 'rigorous analysis' of the record and consideration of the merits must be focused on and limited to the question whether the Rule's requirements have been established." *Cason-Merenda v. VHS of Mich., Inc.*, 296 F.R.D. 528 (E.D. Mich. 2013), *vacated*, No. 13-0113 (6th Cir. Jan. 6, 2014), *reinstated in full*, No. 06-15601, 2014 WL 905828 (E.D. Mich. Mar. 7, 2014) (citing *In re*

*Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 851- 52 (6th Cir. 2013)). Permissible inquiry into the merits of plaintiffs' claims at the class certification stage is limited:

> Rule 23 grants courts no license to engage in free-ranging merits inquiries at the class certification stage. Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied.

*Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1194-95 (2013) ("*Amgen*") (citing *Dukes*, 131 S. Ct. at 2552 n.6). "In other words, district courts may not turn the class certification proceedings into a dress rehearsal for the trial on the merits." *In re Whirlpool Corp.*, 722 F.3d 838, 851-52 (internal quotation marks and citation omitted). Here, as demonstrated below, even under a "rigorous analysis," the requirements of Rule 23 are easily met.

> ### i. Plaintiffs have Shown Numerosity, Commonality, Typicality, and Adequacy under Rule 23(a)

> #### 1. The Proposed Settlement Class Is So Numerous That It Is Impractical to Bring All Class Members Before the Court

There is no particular number requirement needed to satisfy the numerosity prong of Rule 23(a)(1). *Miller v. Univ. of Cincinnati*, 241 F.R.D. 285, 288 (S.D. Ohio 2006). However, "[c]ourts routinely hold that 'a class of 40 or more members is sufficient to meet the numerosity requirement.'" *Raymond v. Avectus Healthcare Solutions*, LLC, No. 1:15-cv-559, 2020 WL 3470461, at *4 (S.D. Ohio Mar. 27, 2020) (quoting *Castillo v. Morales, Inc.*, 302 F.R.D. 480, 487 (S.D. Ohio 2014)). A class representative need only show that joining all members of the potential class is extremely difficult or inconvenient. *Golden v. City of Columbus*, 404 F.3d 950, 965 (6th Cir. 2005). The "sheer number of potential litigants in a class, especially if it is more than several hundred, can be the only factor needed to satisfy Rule 23(a)(1)." *In re Foundry Resins Antitrust Litig.*, 242 F.R.D. 393, 403 (S.D. Ohio 2007) (citing *Bacon v. Honda of America*

*Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004)); *see also In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996).

Here, the proposed Settlement Class consists of all natural persons employed by Defendants at JAC Molesworth during the Class Period from January 1, 2015 through June 30, 2022. Saveri Decl., Ex. A, Settlement Agreement, Definition x. Excluded from the Class are: corporate officers, members of the boards of directors, and senior leaders of Defendants; employees of the United States government employed at JAC Molesworth during the Class Period; and any and all judges and justices, and chambers' staff, assigned to hear or adjudicate any aspect of this litigation. *Id.* Given the Class Period, it is beyond dispute that many persons who were employed by Defendants at JAC Molesworth were affected by Defendants' No-Hire Agreements. Plaintiffs estimate that the proposed Class for class certification contains approximately 500 members. Saveri Decl., ¶ 30. As a result of the large number of putative class members and their geographic distribution throughout the United States, joinder is highly impractical.

### 2. Class Representatives and the Proposed Settlement Class Share Common Legal and Factual Questions

Commonality only requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). While Rule 23(a)(2) speaks of questions of law or fact in the plural, "there need be only one common question to certify a class." *In re Whirlpool Corp.*, 722 F.3d at 853; *see also Cason-Merenda*, 296 F.R.D. at 536 (one common question of law or fact is sufficient); *Griffin v. Flagstar Bancorp Inc.*, 2013 WL 6511860, at *6 (same); *Date v. Sony Elecs., Inc.*, No. 07-15474, 2013 WL 3945981, at *3 (E.D. Mich. July 31, 2013) (same). Antitrust class actions are routinely certified by courts in this District and elsewhere. Plaintiffs' allegations of "a per se violation of the antitrust laws are exactly the kind of allegations which

may be proven on a class wide basis through common proof." *In re Se. Milk Antitrust Litig.*, No. 2:09-md-1000, 2010 WL 3521747, at *10 (E.D. Tenn. Sept. 7, 2010).

The presence of common questions is readily established here because No-Hire Agreement cases such as this one deal with common legal and factual questions about the existence, scope and effect of Defendants' no-poach agreements. *In re High-Tech Emp. Antitrust Litig.*, 985 F. Supp. 2d 1167, 1180 (N.D. Cal. 2013). In antitrust cases, courts "have consistently held that 'the very nature of a conspiracy antitrust action compels a finding that common questions of law and fact exist.'" *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. 02-md-1486, 2006 WL 1530166, at *3 (N.D. Cal. June 5, 2006).

Here, Plaintiffs have identified the following issues common to the proposed Settlement Class:

- Whether Defendants engaged in a conspiracy among themselves to not hire one another's workers at JAC Molesworth or other European locations;

- Whether the purpose and effect of Defendants' no-poach agreements was to restrain competition for Defendants' skilled employees;

- Whether the purpose and effect of Defendants' no-poach agreements was to suppress the mobility and compensation of Defendants' skilled employees;

- What injunctive relief, if any, is appropriate; and

- The aggregate damages.

*See* Pls.' Mtn. to Certify Class, ECF No. 154 at PageID 8727. Any of these substantive issues would by itself establish the requisite commonality under Rule 23(a)(2).

### 3. Plaintiff Class Representatives' Claims Are Typical of the Claims of the Members of the Proposed Settlement Class

Rule 23(a) also requires typicality of the class representatives' claims. *See* Fed. R. Civ. P. 23(a)(3). "The [typicality] requirement is not onerous," *Int'l Union, UAW v. Ford Motor Co.*,

2006 WL 1984363, at *19, and courts liberally construe it. *See In re Foundry Resins Antitrust Litig.*, 242 F.R.D. at 403. "In the antitrust context, typicality is established when the named plaintiffs and all class members allege[] the same antitrust violation by defendants." *Cason- Merenda*, 296 F.R.D. at 537 (quoting *In re Foundry Resins Antitrust Litig.*, 242 F.R.D. at 405); *see also Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000); *In re Am. Med. Sys.*, 75 F.3d at 1082; *Packaged Ice*, 2011 WL 717519, at *6. "If there is a strong similarity of legal theories, the requirement [of typicality] is met, even if there are factual distinctions among named and absent class members." *Griffin v. Flagstar Bancorp, Inc.*, 2013 WL 6511860, at *6 (quotation marks and citation omitted); *Packaged Ice*, 2011 WL 717519, at *6 (same).

Because the claims of Plaintiff Class Representatives and the members of the proposed Settlement Class arise from the same conduct, namely Defendants' alleged No-Hire Agreements, Rule 23(a)(3) is satisfied. *See Cason-Merenda*, 296 F.R.D. at 537 (finding typicality met where "the claims of the named Plaintiffs and those of the remaining members of the proposed class all arise from the same conspiracy and are based on the same theory of liability under the Sherman Act.") (internal quotation marks and citation omitted); *Packaged Ice*, 2011 WL 717519, at *6 ("Because all Class Members' claims arise from . . . a conspiracy to allocate markets in violation of the Sherman Act, their claims are based on the same legal theory and the typicality requirement . . . is met"); *In re High-Tech Emp.*, 985 F. Supp. 2d at 1181 (reasoning typicality was met because in no-poach antitrust cases, "typicality usually will be established by plaintiffs and all class members alleging the same antitrust violations by defendants") (internal quotations omitted); *In re Railway Indus. Empl. No-Poach Antitrust Litig.*, 395 F. Supp. 3d 464, 499 (W.D. Penn. 2019) ("If the claims of the named plaintiffs and putative class members involve the same

conduct by the defendant, typicality is established regardless of factual differences.") (internal quotations omitted).

### 4. Plaintiff Class Representatives are Adequate Representatives of the Members of the Proposed Settlement Class

The final requirement of Rule 23(a) is that the representative parties "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Sixth Circuit has articulated two criteria for determining adequacy of representation: "'1) [t]he representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel.'" *In re Foundry Resins Antitrust Litig.*, 242 F.R.D. at 407 (quoting *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976)). Plaintiffs share common interests with the members of the class. As shown above, their claims arise out of the same course of conduct and share a common interest in proving their claims and seeking redress from the Defendants. *See In re High-Tech Empl.*, 985 F. Supp. 2d at 1181; *In re Railway Indus. Empl.*, 395 F. Supp. 3d at 499. Moreover, there are no conflicts between them and the proposed Settlement Class because Plaintiff and members of the proposed Settlement Class were all affected by the suppression of competition and compensation stemming from Defendants' No-Hire Agreements and thus have the same interests in establishing liability. *See In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 208 (5th Cir. 1981) (certifying settlement class and holding that "so long as all class members are united in asserting a common right, such as achieving the maximum possible recovery for the class, the class interests are not antagonistic for representation purposes" (internal quotation marks and citation omitted)).

In addition, Plaintiffs have retained counsel who are well experienced in antitrust law, class actions, and in particular, cases involving no-poach agreements. Saveri Decl., ¶¶ 24-26;

Exhs. B & C; *see also In re High-Tech Emp.*, 985 F. Supp. 2d at 1181 (finding the adequacy requirement satisfied in a case where class counsel had experience in litigating antitrust class actions and no-poach cases); *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 563 (6th Cir. 2007) (finding adequacy met where "plaintiffs' attorney is an experienced practitioner in this area because of the numerous class action cases in which counsel has participated") (internal quotations and citations omitted).

Plaintiffs' counsel have vigorously prosecuted the Settlement Class's claims, and they will continue to do so through all phases of the litigation, including trial. *See Marcus v. Dep't of Revenue*, 206 F.R.D. 509, 512 (D. Kan. 2002) ("In absence of evidence to the contrary, courts will presume the proposed class counsel is adequately competent to conduct the proposed litigation"). The Joseph Saveri Law Firm, LLP and Gibbs Law Group LLP have provided adequate representation to the Settlement Class during every step of this litigation: the pleading stage, motions to dismiss, discovery, class certification, and now this settlement. For these reasons, the Court should appoint them Settlement Class Counsel here.

### ii. Predominance and Superiority Are Shown Here

To qualify for certification under Rule 23(b)(3), a class must meet two requirements beyond the Rule 23(a) prerequisites: common questions must predominate over any questions affecting only individual members; and class resolution must be superior to other available methods for the fair and efficient adjudication of the controversy. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) ("*Amchem*"); *see also In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 535 (6th Cir. 2008). With respect to both requirements, the Court need not inquire whether the "case, if tried, would present intractable management problems, for the proposal is that there be no trial." *Amchem*, 521 U.S. at 620 (internal citations omitted).

### 1. Common Questions of Law and Fact Predominate

"Rule 23(b)(3) does not mandate that a plaintiff seeking class certification prove that each element of the claim is susceptible to classwide proof." *In re Whirlpool Corp.*, 722 F.3d at 859. Instead, "'[a] claim will meet the predominance requirement when there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class member's individualized position.'" *In re Foundry Resins Antitrust Litig.*, 242 F.R.D. at 408 (quoting *In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 297, 307 (E.D. Mich. 2001)). Common questions need only predominate; they need not be dispositive of the litigation. *Id.* (citing *In re Potash Antitrust Litig.*, 159 F.R.D. 682, 693 (D. Minn. 1995)); *cf. In re Scrap Metal Antitrust Litig.*, 527 F.3d at 535-36 (holding issues regarding the amount of damages do not destroy predominance). "[T]he mere fact that questions peculiar to each individual member of the class action remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible." *Cason-Merenda*, 296 F.R.D. at 535-36 (quoting *Powers v. Hamilton Cnty. Pub. Def. Comm.*, 501 F.3d 595, 619 (6th Cir. 2007)). As pertinent to the Plaintiffs' request here to provisionally certify the proposed Settlement Class under Rule 23(b)(3), the Supreme Court instructed that "Rule 23(b)(3) requires a showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Amgen*, 133 S. Ct. at 1191.

Because the Plaintiffs allege conduct that injured the members of the proposed Settlement Class, issues common to the members of the proposed Settlement Class—for example, the existence and scope of the alleged No-Hire Agreements among Defendants and the market and compensation impact of Defendants' agreements—predominate over any individual questions, and therefore class treatment of the claims is appropriate for purposes of this settlement. *See*

*Amchem*, 521 U.S. at 625 ("Predominance is a test readily met in certain cases alleging . . .

violations of the antitrust laws."); *see also In re Vitamins Antitrust Litig.*, 209 F.R.D. 251, 254

(D.D.C. 2002) (noting that an antitrust allegation is sufficient to establish predominance of

common questions). This Circuit has also held "[p]redominance is a test readily met in certain

cases alleging . . . violations of the antitrust laws, because proof of the conspiracy is a common

question that is thought to predominate over the other issues of the case." *In re Scrap Metal

Antitrust Litig.*, 527 F.3d at 535 (quoting *Amchem*, 521 U.S. at 625). Furthermore, here the

evidence that will prove a violation as to one Settlement Class Member is common to the others

and will be sufficient to prove it as to all—the anticompetitive conduct is not dependent on the

separate conduct of the individual members of the proposed Settlement Class. *See Packaged Ice*,

2011 WL 717519, at *7.

Common issues outweigh any individual ones because the common theory of liability,

impact and damages can be pursued by the class. *See, e.g.*, *In re Whirlpool Corp.*, 722 F.3d at

861 ("[I]t remains the 'black letter rule' that a class may obtain certification under Rule 23(b)(3)

when liability questions common to the class predominate over damages questions unique to

class members.") (internal quotation marks and citation omitted); *Scrap Metal*, 527 F.3d at 535

(where common issues determine liability, fact that damages calculation may involve

individualized issues does not defeat predominance). Here, as in the great majority of antitrust

cases, issues common to the proposed Settlement Class predominate in this case. These common

issues of liability and impact predominate over any individual issues and strongly support

provisional certification of the proposed Settlement Class.

### 2. Class Action Litigation is the Superior Method By Which to Adjudicate Plaintiffs' Claims

Rule 23(b)(3) also requires that a class action be superior to other available methods of fairly adjudicating the controversy. The superiority of class certification over other available methods is measured by consideration of certain factors, including: the class members' interests in controlling the prosecution of individual actions; the extent and nature of any litigation concerning the controversy already begun by or against class members; the desirability of concentrating the litigation of various claims in the particular forum; and the likely difficulties in managing a class action. *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *4 (N.D. Ohio Mar. 8, 2010).

Courts consistently hold that class actions are a superior method of resolving antitrust claims like those alleged here. *See Ganci v. MBF Inspection Servs., Inc*., 323 F.R.D. 249, 263 (S.D. Ohio 2017) ("Class treatment is superior to other methods of adjudication when it will promote economy, expediency, and efficiency." (internal quotations omitted)); *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 219 F.R.D. 661, 678 (D. Kan. 2004) (noting that individual litigation of antitrust claims would be "grossly inefficient, costly, and time consuming"). Here, the interests of the members of the proposed Settlement Class in individually controlling the prosecution of separate claims are outweighed by the efficiency of the class mechanism. *Cardizem*, 200 F.R.D. at 325-26 (finding that class action is superior because it ensures fair and efficient adjudication). Between the three Defendants, there were many workers hired for jobs at JAC Molesworth who would have been affected by Defendants' unlawful No-Hire Agreements. Resolving all workers' claims in a single class action would conserve both judicial and private resources and would hasten the class members' recovery. *See, e.g.*, *In re Foundry Resins*, 242 F.R.D. at 411-12 ("Repeatedly litigating the same issues in individual suits

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH
DEFENDANTS BOOZ ALLEN HAMILTON INC. AND MISSION ESSENTIAL PERSONNEL, LLC

would produce duplicate efforts, unnecessarily increase litigation costs, impose an unwarranted burden on this Court and other courts, and create a risk of inconsistent results").

## VI.    THE PROPOSED NOTICE TO THE SETTLEMENT CLASS SHOULD BE APPROVED

Plaintiffs request that the Court approve the forms of notice of the Settlement to the Class as well as the proposal for dissemination of the Notice. Rule 23(c)(2)(B) requires the Court to "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." With regard to class action claims that are settled, Rule 23(e) instructs courts to "direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "[D]ue process does not require actual notice, but rather a good faith effort to provide actual notice." *Thacker*, 259 F.R.D. at 271-72. To comport with the requirements of due process, notice must be "reasonably calculated to reach interested parties." *Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008) (citing *Karkoukli's, Inc. v. Dohany*, 409 F.3d 279, 283 (6th Cir. 2005)).

The parties have agreed that notice of the settlement be disseminated by direct mail and email. Saveri Decl., ¶¶ 30, 31; Ex. A, Settlement Agreement, ¶ 6. Plaintiffs understand the class to consist of approximately 500 individuals, current or former employees of Defendants at JAC Molesworth. Saveri Decl., ¶ 30. Defendants have agreed to provide last known email and postal addresses for all Settlement Class Members. Saveri Decl., Ex. A, Settlement Agreement, ¶ 5. By using direct mail and email, the proposed plan of notice can be reasonably expected to reach all class members.

In plain language, the long form Notice—which will be mailed and posted to the Settlement Website—provides a brief explanation of the case; the terms of the proposed Settlement; the maximum amount Plaintiffs' counsel may seek for reimbursement of litigation

costs and expenses; the date, time, and place of the final approval hearing; the opportunity to opt

out of the Settlement Class; and the procedures for Settlement Class members to follow in

submitting comments on and objections to the Settlement and in arranging to appear at the

settlement hearing to state any objections. *See* Saveri Decl., Ex. E, Long-Form Notice. Plaintiffs

also propose a short form email notice that succinctly summarizes the terms of the notice and

advises class members of their rights to be sent by electronic mail. *See* Saveri Decl., Ex. F, Short

Form Notice.

## VII.  THE FINAL APPROVAL HEARING SHOULD BE SCHEDULED

The last step in the settlement approval process is a final approval hearing. Should the

Court grant preliminary approval, its order should state the time, date, and place of the final

approval hearing. This hearing allows the Court to hear all evidence and the arguments necessary

to determine whether the settlement should be finally approved as fair, adequate, and reasonable.

Plaintiffs request that the Court grant preliminary approval and set the following schedule,

which includes the final approval hearing date, settlement objection deadlines, as well as the

briefing schedules for final approval and any motions regarding distribution and use of the

Settlement Funds:

//

//

//

//

//

//

CASE NO. 2:19-cv-00411
PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH
DEFENDANTS BOOZ ALLEN HAMILTON INC. AND MISSION ESSENTIAL PERSONNEL, LLC

| EVENT | SCHEDULE |
|---|---|
| Settling Defendants to provide an electronic list of potential settlement class members along with their mail and e-mail addresses | Within 14 days of Preliminary Approval Order |
| Notice of Class Action Settlement to Be Mailed, Emailed and Posted on Internet | Within 28 days of Preliminary Approval Order |
| Deadline for Class Members to Object to and/or Request Exclusion from the Class | Within 28 days of the Notice of Class Action Settlement |
| Motions for Final Approval, and Reimbursement of Litigation Costs and Expenses, to Be Filed by Plaintiffs' Counsel, together with Affidavit of Compliance with Notice Requirements | To be filed 35 days prior to the Final Approval Hearing |
| Opposition(s), if any, to Motions for Final Approval and Reimbursement of Expenses | 20 days prior to Final Approval Hearing |
| Replies in Support of Motions for Final Approval, and Reimbursement of Expenses, to Be Filed by Plaintiffs' Counsel, only in the event Objections to the Motions are Filed | 10 days prior to Final Approval Hearing |
| Service/Filing of Notices of Appearance at Final Approval Hearing | 10 days prior to Final Approval Hearing |
| Final Approval Hearing | To be set by the Court. |

## VIII.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the motion for preliminary approval and enter the accompanying Proposed Order:

(1) Preliminarily approving the Settlement Agreement;

(2) Provisionally certifying the proposed Settlement Class;

(3) Staying the proceedings against Settling Defendants in accordance with the terms of the Settlement Agreement; and

(4) Appointing Class Counsel for the Plaintiffs as Settlement Counsel for this settlement.

Dated: September 6, 2022                              Respectfully Submitted,

                                                     /s/ Shawn K. Judge_____
                                                     Shawn K. Judge (0069493), Trial Attorney*
                                                     skj@classlawgroup.com
                                                     Mark H. Troutman (0076390)*
                                                     mht@classlawgroup.com
                                                     GIBBS LAW GROUP LLP
                                                     1111 Broadway, Suite 2100
                                                     Oakland, California 94607*
                                                     Telephone: (510) 350-9700
                                                     Facsimile: (510) 350-9701
                                                     *both working from Ohio offices

                                                     Joseph R. Saveri *(Pro Hac Vice)*
                                                     jsaveri@saverilawfirm.com
                                                     Steven N. Williams *(Pro Hac Vice)*
                                                     swilliams@saverilawfirm.com
                                                     Kevin E. Rayhill *(Pro Hac Vice)*
                                                     krayhill@saverilawfirm.com
                                                     JOSEPH SAVERI LAW FIRM, LLP
                                                     601 California Street, Suite 1000
                                                     San Francisco, California 94108
                                                     Telephone: (415) 500-6800
                                                     Facsimile: (415) 395-9940

                                                     *Attorneys for Plaintiffs*
                                                     *Sarah J. Hunter and David N. Youtz*

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing was filed electronically with the Court on September 6, 2022.

Service will be made by the Court's electronic notification system, and all parties may access

this filing through the Court's system.

*/s/ Shawn K. Judge*

Shawn K. Judge (0069493)